[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



)  **United States District Court**
)  **Northern District of Illinois**
)
Plaintiff )
ATT. ADA. disability. )
ZACHARY A. MCGraw SR. )
3158 W. Roosevelt Apt. )
Chicago, IL 60612. 610- )  1:25-cv-13445
COOK. IL. )  Judge LaShonda A. Hunt
Defendant )  Magistrate Judge Laura K. McNally
ATT. City of Chicago. 121 N. LaSalle St. )  RANDOM CAT 1
Chicago, IL 60602.
II. floor. OR. Clerk. office
City Hall. And.
ATT. City Commission on
Human Relation. No.
N. Sedgwick Suit 400.
Chicago, IL 60654. Cook.
To. Victims.

**COMPLAINT**

**FILED**

*en* NOV 03 2025

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

(ATT. it 2025. 1. Voilation - of. PERJURY. To. Federal us. District court Northern. caught. To. ATT. And. Hon. Judge Castillo. in 9-11-2001. Fraudulent False. Secret To. Victims. Finding Hearing. Statement practice. Perjury. Hidden. Evidence. ATT. Violation. I was Innocent. Trick. Hon. Judge. Intend. To. deception. from Truth. ATT. ALL This Time. City Lawyer. Perjury. Lying. Commission-Lawyer. Perjury. ATT. Lying." Now. ATT. 2007. caught. City chicago. Inseeptor-Gen. 2L office. No-Report 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022. No Report 2023, 2024, 2025, wan't Tell The Truth what they did. To. Hon. Judge. From ATT. Castillo Ruben. Hidden. Information-Evidence. due process. of. Truth. ATT. Violation. wan't Still give. A-Report City Report. Inseeptor-General-Report ATT. To. City of chicago. Board of Ethics. 2017. who. caught. Violation. And. wan't ATT. give city Report. Inseeptor-General. office. To. city of chicago. Council. ATT. No member. To. know. of Violation To. The court. And. Hon. Judge. 11-3-2025. ) ATT. News. 4-2022. Hire - Deborah wiseburg. Thank you very much. ATT. She Said on TV. July 17, 19, 2025. Victims-Zachary A. Mcgraw SR. ATT. City chicago. Lawyer. Can't Do. city Report. ATT. She Said She. New. Inspector General. Deborah wiseburg. Hire. 4-2022. Can't Do city Report. in. The Board of Ethics. 2017. Case. yes. They did. Violation. ATT. -17042-C. In 2025. They Said No-Report. Sorry. The Board case. of 2017. To. for. The Victims.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website:

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

*i + 2025.*

Issued On: 09/25/2025

To: Mr. Zachary McGraw
3158 West Roosevelt Road Apartment 610
CHICAGO, IL 60612
Charge No: 440-2025-04746

EEOC Representative and email:  REBECCA DAVIES
SENIOR INVESTIGATOR SUPPORT ASSISTANT
REBECCA.DAVIES@EEOC.GOV

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

*ERROR*

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. You right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2025-04746.

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
09/25/2025
Amrith Kaur Aakre
District Director

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ADA.disabiLity ZACHARYAMcGraw JR)
3158 W. RooseveltRd chicagoIL 60612)
APT 610. )

Plaintiff(s), )

                                  )  Case Number: _____
                                  )
v.                                )
CityofChicagoand commission.Relation ON Human)
11 Floor. )
121 N.LaSalleStreet,Chicago IL 60602. )
and.740 N Sedgwick.Suit 400,Chicago IL,60654. )
Defendant(s).                     )

INNOCEN
Liberty
√iT2025
SecRet
Hidden, Lies.
No RePoRT
Secret.
OIG.
office.
No due-process
√Truth.

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination. Race. PerJury. Fraudulent False Statement

2. The plaintiff is ADA ZACHARY AMcGraw JR. City of Chicago IL 60602. of the

county of COOK in the state of ILLINOIS.

3. The defendant is The City of Chicago 121 N LaSalle St chicago IL 60602., whose
11 Floor. and city commission on Human Relation.
street address is 740 N. Sedgwick. Suit 400. Chicago IL, 60654.,

(city) Chicago (county) COOK (state) ILLinois (ZIP) 60602.
                                                          60654.
(Defendant's telephone number) City 312) - 744-4976. And 312-744-4111. Commission.

4. The plaintiff sought employment or was employed by the defendant at (street address)
# No. FOR PROMOTION TO. Painter. Opportunity JoB (city) Chicago OF ILLinois.

(county) COOK. (state) IL. (ZIP code) 60602. No.due-process. Hidden
Hidden.2007.July 24. No due-Process. city document and 2012 July19 city document. Evidence. secret
√caught. city document. No. Hidden.
evidence. from. INVEStigation.1999.To 2001-9-11. Finding Hearing.46-51 to 80. Painters. Look
secret. city document. missing? From. Hon. Ruben-Castillo. case. 1:01-CV-09545. No painter opportunit
you. Have To have more people. Hon. Judge said. 6. people. Not good. have To have more people. Caught
Transfer. painter 1999 to 2012 in caught Freedom of information painter list. 2007-2012. cheating Fraudulent YES
PerJury- Hidden. Evidence. from Hon. Judges. Trickery To. The court. But.2025. IN secTor
caught. [If you need additional space for ANY section, please attach an additional sheet and reference that section.]

General offic
Caught. IN 2012. due-Process. Still want to do report to
The didn't Know. √2025. For. The Board of Ethics
city council know. secret or. chicago CITY COUNCIL
The Board case. 17042-C. still city Lawyer No. Report
IT2025. YES. waiting. commission said NO. TolL Truth Secre

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.    The plaintiff [*check one box*]

(a)  ☒    was denied employment by the defendant.

(b)  ☐    was hired and is still employed by the defendant.

(c)  ☒    was employed but is no longer employed by the defendant.

*INNocent. Liberty. (1999 to 2001. Secret.*

6.    The defendant discriminated against the plaintiff on or about, or beginning on or about, *~~caught Now!. 2025.~~*

(month) **February** , (day) 26 , (year) 1999 to 2001. Finding Hearing. Hidden Evidence.

*Att. caught. Now! iT 2025. Still Won't Let have a opportunity For painter City. Promotion! iT 2025. No due Process. They No. ✓*

7.1   (*Choose paragraph 7.1 or 7.2, do not complete both.*)

(a)    The defendant is not a federal governmental agency, and the plaintiff
       [*check one box*] ☐*has*  ☐*has not* filed a charge or charges against the defendant

       asserting the acts of discrimination indicated in this complaint with any of the

       following government agencies:

       (i)    ☐ the United States Equal Employment Opportunity Commission, on or about

              (month)____9__ (day) 19 (year) 2025.

       (ii)   ☐ the Illinois Department of Human Rights, on or about

              (month)____NONE__ (day)_____ (year)_____.

(b)    If charges *were* filed with an agency indicated above, a copy of the charge is

       attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case. *YES. To believe. Will-Policy. Follow. they*

*Liberty. Finding Hearing 9-11-2001.*

7.2   The defendant is a federal governmental agency, and *YES. by policy.* *No due-Process.*

*Att.2-26/1999. The city of Chicago. commission on Human ReLation. 740.N Sedgwick. 60654.*
(a)    the plaintiff previously filed a Complaint of Employment Discrimination with the *No. N Sedgwick. 60654. City of Chicago IL) suit 400. Hidden. 46-51 to 80. No. Report.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

    ☒ Yes (month)____*1*____ (day)_*2*_ (year) *2025.*

    ☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)____*9*____

(day)_*25*_ (year) *2025.* *No.Finding .But Right to Sue.Letter.* *I have To. Tell Story of Truth. Yes. due.-Process.I &Liberty. INNOCENT.*

(c)    Attached is a copy of the

    (i) Complaint of Employment Discrimination,

    ☒ Yes    ☐ No, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

    ☒ Yes    ☐ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☐    the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month)____*9*____ (day)_*25*_ (year)*2025.* a copy of which

*Notice* is attached to this complaint. *YES.*

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☒ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983). *YES.*

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII *YES.* claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): *FoR TeLL TRuth oF PeRJuRY To The CouRt and Hon. Judges. oF FRauduLent FalSe Statement SecRet. All oPeRJuRy PRactice. Hidden Lies, MisLeading. deceptiono. YES. Liberty. INNocent.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

YES. EX. MAYOR. Lightfoot. Caught in 2021. disobey ORDINANCE. City. INNOCENT
EX. OIG - INSPECTOR GENERAL. EX. Joseph Ferguson. Let go. FROM OIG Office.
ATT. 2009 to 2021. NEVER Addressed Violation of ordinance. City To.
Caught. To. The Board of Ethics of The Board case, in 2017. case 17042-C.
No Report. NEVER did A Report as Inspector General. OIG Office NO. Report To. City Council.
Never Addressed. To The EX. Mayor Lightfoot. in 2019. NO Report. NO.

13. YES. The facts supporting the plaintiff's claim of discrimination are as follows:
ATT. 1995. NEVER has A Opportunity For city Chicago Painter. most Best Painter
facts of case. I Told The city of chicago. hire me. in 1995 to 2000. Fired For Telling. Janitor.
Facts. didn't hire Rigging Empolyment Fraudulent. didn't know The cheating in Race.
Know. ATT. allowed. other's. Race's To. Kept. their opportunity Cheating. Job. city. Painters.
(Facts of case.) All secret. Fraudulent. Nobody Has. Hiring Criteria. Per Jury city Lying caught. city put them
Fact. ATT. Qualified. No. credentials. No. body has. credentials. But. Zachary A. McGraw. Se most Best Qualified.
for The city of chicago Painter city.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff. YES. With Intend. deception. Perjury. got caught. if Truth. YES.
it 2025. No. opportunity. For a Job. as city Painter. They said No.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No
city Lawyer (Commission Lawyer For Telling No. case.) The Board case. 17042-C. 2017. No Report. Facts of case. Liberty. due process.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☒ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☒ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): Sad YES. Just Sad. YES. To. Truth. Caught.
ATT. Fact's From. City document. in 2007 to 2012. caught. freedom of Information YES. city caught.
Thank you very much. Mental Health. The painter went right Pass me 1995-2000. Janitor.
and I working for City of chicago. Wouldn't promotion. and knew of wrong doing. misconduct.
Facts of the case. ATT. mislead Hon. Judges. misleading The Court. Truth. YES!! it 2025. and still want hire me. mental Health.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

*[Handwritten annotations across top of page:]* QuaLiFi less
ATT. YES. ONLY IF OIG OFFice. INSpector GeneraL. IN 2001. To 2002. ONLY Told The Evidence Qualify
opt-out of settlement 2007 For painter. Opportunity. Job. YES. it 202
ATT To Check And. 2007-2008-2009-2010-2011-2012-2013-2014-2015-2016-2017
ATT. NO. Report. To The Board of Ethics case. 17042-C. YES To see Evidence Secret Hidden
NO Report
due Process liberty. it 2025
depRivation.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate. *[Handwritten:]* ATT. Emotional pain-suffering inconvenience mental-anguish in mind. And loss of enjoyment of Life and Reputation. YES! Thank you mu Yes Heavenly Justice caught. 46-51 to 80. painter INNOCENT

*Zachary A Mcgraw Jr.*
(Plaintiff's signature)

*ZAchary A McGraw Jr.*
(Plaintiff's name)

*3158. W Roosevelt Rd. chicago IL, 60612 Apt 610.*
(Plaintiff's street address)

(City) *Chicago* (State) *IL* (ZIP) *60612.*

(Plaintiff's telephone number) *(312) – 513-3865.*

Date: *11-3-2025.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6



## U.S. Equal Employment Opportunity Commission
### Chicago District Office

230 S. Dearborn
Suite 1866
Chicago, IL 60604
(312) 872-9777
TTY (800) 669-6820
Intake Fax: (312) 588-1286

Respondent: City of Chicago
EEOC Charge No.: 440-2025-04746

Zachary Mcgraw
3158 W. Roosevelt Rd., Unit 610
Chicago, IL 60612

ATT. Rebecca Davies.

Dear Mr Mcgraw:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ x ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[ x ]    The Age Discrimination in Employment Act (ADEA)

[ x ]    The Americans with Disabilities Act (ADA)

[ ]    The Equal Pay Act (EPA)

[ ]    The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

(1)    Review the enclosed charge form and make corrections.

(2)    Sign and date the charge where Charging Party Signature is indicated. For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

(3)    Return the signed charge to this office.

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court. Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to Illinois Department Of Human Rights 100 West Randolph Street Floor 10-100 Chicago, IL 60601 as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

Violation Caught-it 2025. I Never Stop
UNT,LFoR Tauth. City much Show,
This what They miss.

EEOC No. 440-2025-04746 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

**CHARGE PRESENTED TO:**

EEOC

Illinois Department Of Human Rights

**AGENCY CHARGE NO.**
440-2025-04746

Name (indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.): Mr. Zachary McGraw

Phone No.: 312-513-3865 - *and* *Wife Phone No. 312-925-0518*

*In Take No. Text. can't text, YES phone. only.*

Year of Birth: 1955

Mailing Address: 3158 West Roosevelt Road Apartment 610, *YES.*

CHICAGO, IL 60612

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: City of Chicago

No. Employees, Members: 501+ Employees

Phone No.: (312) 742-5375 *· 312-744 4976.*

Mailing Address: 121 North LaSalle Street

CHICAGO, IL 60602, UNITED STATES OF AMERICA

Name: *And* *City of Chicago, commission on Human Rehation. 740. N. Sedgwick*

No. Employees, Members: *501+ Employees.*

Phone No.: *312-744-4111.*

Mailing Address: *740. N. Sedgwick chicago, IL 60654.*

*Misleading. the misconduct's. wrong doing. In deception.*

**DISCRIMINATION BASED ON:**

Age, Disability, Race, Retaliation *YES. ALL- Discrimination Based on, cit, to. The city of Chicago. can Do Report Lawye said*

**DATE(S) DISCRIMINATION TOOK PLACE** → *On TV. Reported? MY OIG Inseptor General. Deborah Wizli*

Earliest: 07/17/2025 *City of Chicago. Reminder. document. Caugh*

Latest: 07/17/2025 *or 7-17-25 1-2-2025. Notice. I still want my painting Job. app. for. stop my opportunity for painter in city councilor Board. Cheating. Race → Retalia*

**THE PARTICULARS ARE:** *No. Report to. harm? Hur*

On or about January 2, 2025, I applied for the position of Painter with Respondent. On or about July 17, 2025, I was not hired.

I believe I have been discriminated against because of my race (Black) and in retaliation for having engaged in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended; my age (69 (year of birth: 1955) and in retaliation for having engaged in a protected activity in violation of the Age Discrimination in Employment Act of 1967, as amended; and my disability and in retaliation for having engaged in a protected activity in violation of the Americans with Disabilities Act of 1990, as amended. *YES. ALL for my mental-Health. in discriminatic They The city of Chicago Trick mind and, in The mind and. city commission on Human Relation. To. EEOC. wrong doing. misconduct. Misleading. in disception. To. Et*

*Mislead, EEOC, Rules. In 1964, 1980 →*

EEOC Form 5 (06/24)                                                        Page 1 of 3

_Zachary A McGraw Jr_

EEOC No. 440-2025-04746 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

_Zachary A McGraw Jr - 9-19-25._

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

x _Zachary A McGraw Jr._

Notarized Signature of Charging Party

Subscribed and sworn to before me this date: _Sept. 19th, 2025_

Signature of Notary _Elisa Diaz_

Printed Name _Elisa Diaz_

ELISA DIAZ
OFFICIAL SEAL
Notary Public - State of Illinois
Commission No. 493547
My Commission Expires October 28, 2027

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

Rebecca Davies, Sr. Investigative Support Assistant

Office Hours: Monday – Friday, 8:30 a.m. - 3:00 p.m.
www.eeoc.gov

*YES!*

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination

*[Handwritten top margin: FROM ADA-disable. ZACHARY A. McGRAW. To — FEPA. REVIEW. EVIDENCE. FIRST. To. Handeld. The city show. it 2025. — to. EVidence. U.S.EEOC. Board. Review. Enclose: 740-2025-04746]*

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (09/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury; charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

*[Handwritten annotations around this section: Evidem — YES. FEPA. To. Review — YES YES YES YES — city of chicago Wan't gire Evidence YES to check. To show EEOC Review FEPA]*

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

*[Handwritten bottom margin: Human Relation commission. The city of chicago discrimination why. commission ON Human Relation. Misconduct. Look Helped → city Lawyer- commission Lawyer. Trick me why FEPA-ATT → Remmber. 740. CITY COMMISSION ON. No more Rule. Pursant To. A 4740 Review. MISLeading 2012. 2013 2014-2015 - No more Rule. Pursant To. A 4740 commiss COVER UP → 250 - 120 Reg. For Review To. A OBJection Hearing No more Hearing. commiss deception. FOR 2012 → discrimination case we don't Do Review. No more you HAVE go To CIRCUIT COURT Judicial District chancery. First Hon. Leroy Martin Trick Judge said No commission You Lying. To you. ahway I head]*



4-disability. Director
75 8 W. Roo ... Rd. Apt. 610. Handled A mRith Kaur Aakie.
hicago IL, 60b12. by The FEPA. ATT. To. INVESTIGATOR-ReboCA. Davi
EoC Number→440-2025-04746. the Rule said Look→ ATT. To. EEco. Board of Revie
EPA-Review. ATT. To. U.S. Equal Employment-opporTunity- Commission
se. →FEPA→ Hearing →→Finding
440-2025-04746 NOTICE OF Right To REQUEST SUBSTanTial WEIGHT Review
RULE → Violation-EEoc. Charge of Discrimination →Retaliation Race.
esPONDENT ① city of chicago NEVER gave SUBSTANTial EvideAge. disabili
esPONDENT ② city oF chicago commission On Relation Human. Truth Proof.
NO. SHOW→ NEVER gave-SUBSTANTiaL-Evidence-Review. Evidence
IN document
esPONDENT ③ city oF chicago Board oF Ethics. NEVER document
did ReporT about miscon duc
esPONDENT ④ OiG-OFFice. NEW. Inseptor-General→ No. Report To. Boar
esPONDENT ⑤ city oF chicago La wYer→ Said No, ORCiTY-COUNCiL.
IN-Conflicts oF Report It 2025.
Enterests. Commission LawYer! because- said don't Misconduct.
YES! Truth. Tell. Truth. Misleading.
Test City LawYer-commission Law Yer-Perjury
enTal-Health can't Tell The city public. of The can't-Be Fair. WE
lis is what OiG oFFice. city oF chicago→ can't. Tell. of deception.
ity-miss. INSpector General- NEW. DeBoarth Wizeburg. The city of chicago
ATT. Wan't Let. Her Do. ReporT Truth ON Tv. Told-people of
chicago. And U.S. EEo c-Employment opporTunity-commissio
9/30/25 ATT. ALL Race→ FAiRNESS OF case. EEoc. 440-2025-04746
The oF city chicago. STOP. case. Wan't comply The ordinance.
That given. wan't Show Evidence. TO. U.S. EEoc. FEPA.
EmpLoyment→opporTunity- Commission. OF Fairness. Truth
in
can't- discrimination wan't obey. SiN ceRely. Phone 312-513-386
and- iNRetaLiation. No 8 ANA-disabili
document
city Said NO. To. The U.S. EEoc. YES. Thank You Very much.

Zachary A McGraw

NOTARY PUBLIC STATE OF ILLINOIS
ELISA DIAZ
OFFICIAL SEAL
Notary Public - State of Illino
Commission No. 493547
My Commission Expires October 28, 20



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## CHARGE OF DISCRIMINATION

| For Official Use Only – Charge Number: |
|---|

EEOC Form 5A (Sept. 1, 2017)

ATT. Intake-EEOC. Agent-Rebecca-Davies. 312-872-9244

| Personal Information | First Name: Zachary   MI: A   Last Name: McGraw JR.<br>Address: 3158 W. Roosevelt RD Apt 610.   Apt.: 610.<br>City: Chicago   County: Cook   State: IL   Zip Code: 60612.<br>Phone: 312-513-3865 Home ☒ Work ☐ Cell ☒ Email Address: _____ |
|---|---|
| Who do you believe discriminated against you? | Employer ☒   Union ☐   Employment Agency ☐   Other Organization ☐<br>Organization Name: City OF Chicago city Hall.<br>Address: 121 N. LaSalle   Suite: 1100<br>City: Chicago   State: IL   Zip Code: 60602. Phone: 312-744-4976 |
| Why you believe you were discriminated against? | Age ☒   Color ☐   Disability ☒   Genetic Information ☐   National Origin ☐<br>Race ☒   Religion ☐   Retaliation ☒   Sex ☐ |

| What happened to you that you believe was discriminatory? | iN CONFLicts OF INterests.<br>Date of most recent job action you believe was discriminatory: 2-13-2024 Now 1-2-2025<br>Describe briefly each job action you believe was discriminatory and when it happened Act of Civil<br>(estimate). ATT. 1-2-2025. most Recent because Racial discrimination iN 1964. Rights<br>employment I Zachary A McGraw JR. was turned down for a Job opporunities.<br>Painter. OF my Race. the city of chicago. given preferential treatment to other Job.<br>other Race. I had continuing been turned down for painter opporunites. equal.<br>EEOC. U.S. 1980. Equal Employment opportunities commission Federal guideline declar<br>an unlawful employment practice. To discriminate. with the definitive Rules of Law.<br>U.S. EEOC. on. Race, Retaliation, Age, Disability mental, and equal opporunities.<br>never allowed. Zachary mcGraw Jr. an opportunics To city painter. Violati<br>Born. iN AMERICA. YES. Title VII of the Civil Rights. Act of 1964. make it<br>Unlawful. To. discriminate on the basis of Race, Retaliation, Age, Disability.<br>and equal. 1980. Employment opportunites commission. To. definitive. U.S. EEOC. Viola<br>Proper. conduct in fairness of the Rules of Law. Zero tolerance for Racism. con<br>Now. iN July 17, 2025. OIG office NEW. Inspector General. NEW. of Hid said. disclo<br>Deborah-Wistburg. No report will Given. EFOC U.S. or Whistlblower. Report. City Law. No |

*mislead. EEOC.*
*Perjury.*
*City Lying.*
*Evidence mislead*
*City Lawyer. Perjur*
*Hidden. Painter 46-51*
*Violation. To. Do.*
*secret.*
*Falsification.*
*To. U.S EEOC.*
*false-statment.*

*i In Conflicts of Interests.*
*want*
*obey*
*Rule*
*violet.*
*To EE*

| Signature and Verification | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on Age, Color, Disability, Genetic information, National Origin, Religion, Sex, or based on retaliation for: filing a charge of employment discrimination; helping in someone else's complaint about job discrimination; or complaining to the employer about job discrimination.<br><br>**I declare under penalty of perjury that the above is true and correct.**<br><br>Signature: Zachary A McGraw JR   Date: 8-19-2025. |
|---|---|

GIOVANA LUNA
OFFICIAL SEAL
Notary Public - State of Illinois
Commission No. 990181
My Commission Expires May 02, 2028

Giovana Luna

August 19, 2025



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### PRE-CHARGE INQUIRY

| For Official Use Only – Inquiry Number: |
| --- |

Thank you for contacting the U.S. Equal Employment Opportunity Commission ("EEOC"). The information you give us on this Pre-Charge Inquiry (Form 290A) will help us assist you and determine if your concerns are covered by the employment discrimination laws we enforce. Answer **all** questions completely and briefly. Please write clearly.

After completing this Pre-Charge Inquiry, **return it immediately** to the EEOC office identified in the cover letter to this Pre-Charge Inquiry, or to the receptionist if you are completing this Pre-Charge Inquiry in an EEOC office.

**Please note: This Pre-Charge Inquiry is not a Charge of Discrimination.**

The Pre-Charge Inquiry is **not intended** for use by applicants for federal jobs or employees of the US government. See http://www.eeoc.gov/federal/fed_employees/complaint_overview.cfm for discrimination complaints in federal jobs.

| **Personal Information** | First Name: ZAchaRy  MI: A  Last Name: McGRaw JR. |
| --- | --- |
| | Home Phone: 312 513-3865. Cell: ( X ) _____ Email: _____ |
| | Address: 3158 W. Roosevelt RD  Apt.: 610. |
| | City: Chicago IL,  County: COOK  State: IL  Zip Code: 60612. |
| | What is the best way to reach you? Phone: 312-513-3865. |
| | What are the best days and times to reach you? dayTime. MoRNiNg. |
| | Do you need language assistance? Yes ☐ No ☒ |
| | If so, what do you need? NoNe. |
| | Date of Birth: 9/30/1955.  Sex: Male ☒ Female ☐ |
| | General information about you that will allow us to serve all individuals better: |
| | i. Are you Hispanic or Latino? Yes ☐ No ☒ |
| | ii. What is your race? Choose all that apply: American Indian or Alaskan Native ☐  Asian ☐ |
| | Black or African American ☒  Native Hawaiian or Other Pacific Islander ☐  White ☐ |
| | iii. What is your National Origin or ancestry? BLack AfRican American. |
| **Who do you think discriminated against you?** | Employer ☒  Union ☐  Employment Agency ☐  Other Organization ☐ |
| | Organization Name: City of Chicago and city commissio NoN Human Relation. 740 N |
| | Address: 121 N. LaSalle SteeT And 740. N. SeNGwick Suite: 1100 and 4 Floor |
| | City: Chicago  County: COOK  State: IL. Zip Code: 60602. |
| | Name of Human Resources Director or Owner: City of chicago. and commission and 60654. |
| | Email: _____  Phone: 312 744-4976. And 312-744-4111. |

**THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION**

| | |
|---|---|
| **Who do you think discriminated against you?**<br><br>**(continued)** | How many employees (estimated) does the organization have at all locations? Check one:<br><br>Less than 15 ☐   15-100 ☐   101-200 ☐   201-500 ☐   More than 500 ☒<br><br>Where you work(ed), or applied to work, if different from the organization address above:<br><br>Address: _121 N. LaSalle Street_ Suite: _1100_<br>City: _Chicago_ County: _COOK_ State: _IL_ Zip Code: _60602_<br>_And The city chicago commission on Human Relation. 740 N. Sedgwick chicago. 60654. 4. Floor._ |
| **Why do you think you were discriminated against?** | I think I was discriminated against because of:<br><br>☒ Race – Your race: _Black African American. Mislead. U.S. EEOC_<br><br>☐ Color – Your color: _____<br><br>☐ Religion – Your religion: _____<br><br>☐ Sex (including pregnancy, gender identity, or sexual orientation)<br><br>☐ Pregnancy (including pregnancy accommodations)<br><br>☐ National origin – Your national origin: _____<br><br>☒ Age (40 or older) – Your age at the time of the adverse employment action: _69_<br><br>☒ Disability – Check all that apply:<br>   ☒ I have a disability<br>   ☐ I had a disability in the past<br>   ☐ I don't have a disability but I am treated as if I have a disability<br>   ☐ I am closely related to or associated with a person with a disability<br>The disability involved: _Mental Health. inthe mind. discriminated._<br><br>Is your employer aware of the disability? Yes ☒ No ☐<br><br>If yes, how? _Do To. Mental Trick in The mind about. misleading dis crimia secret caught Hidden. Painter 46-51 to 80. From my opportun un to painter. per Judy scene_<br><br>☐ Genetic information, my family medical history, or my participation in genetic services like counseling, education or testing<br><br>☒ Retaliation – Check all that apply:<br>   ☒ I filed a charge of job discrimination about any of the above<br>   ☒ I contacted a government agency to complain about job discrimination<br>   ☒ I complained to my employer about job discrimination<br>   ☐ I helped or was a witness in someone else's complaint about job discrimination<br>   ☐ I requested an accommodation for my disability, religion, or pregnancy<br><br>☐ None of the above – The reason for this inquiry: _City of Chicago Trick MY mind. mental Health_ |
| **What happened to you that you think was discriminatory and when did it happen?** | EXAMPLES: I was denied an accommodation I needed to perform my job; I was fired because I was pregnant; I was laid off because of my age. State the date the action happened.<br><br>Date: _7/17/2025_ Action: _City of Chicago Told OIG office. Not To Report EEOC. Allowing The other's Race To have opportunity For painter and Not ME_<br>Attn.<br>Date: _7/17/2025_ Action: _NEW. OIG office. Deborah Wiszburg said. No Fault_<br>_No. Report. Effoc. Complaine. No disclose. Said in 7-17-2025. Tv. To city of chicago said No 740. A administral_<br>Name of Person(s) Responsible: _City of Chicago and commission on Human Relation. Falsification Caught. Hidden Evidence information. Freedom. To have opportu Born in America. US_ |

**THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION**

| | |
|---|---|
| **What reason(s) were you given for this job action?** | Reason(s): _Want comply. To US. EEoc. To obey. Unlawful discrimination Race Race. Retaliation, Age, disability, equal-opportunitis. 1964, 1980. protecte_ <br> ALL NEW → <br> Who told you this? _NEW. OiG Office Deborah Wisburg_ His or Her Job Title: _Inspector General. City said can't Report Violation._ |
| **What is your job, previous job, or the job you applied for?** | Date Hired: _NONE_ Job Title at Hire: _NONE_ <br> Annual Pay Rate When Hired: _NONE_ Last or Current Annual Pay Rate: _____ <br> Job Title at Time of Alleged Discrimination: _City painter. 1-2-2025. again._ <br> Date Your Employment Ended: _NONE_ / __ / ___ Select One: Quit ☐ Discharged/Laid off ☐ <br> Name and Title of your Immediate Supervisor: _____ <br> Job Applicants - What was the title of the job you applied for: _City painter._ <br> Date you applied: _1/2/25_ Date you found out you were not hired: _7/17/2025 again_ |

**Was another person in the same or similar situation treated the same, better, or worse than you?**
**EXAMPLES: Who else applied for the same job? Who else had the same attendance record? Who else had the same performance appraisal?**

| | |
|---|---|
| **Who was treated BETTER than you?** | 1. Name: _The other Race, have opportunity_ Job Title: _City painter._ <br> Email: _____ Check how they are different from you: <br> Race ☐ Color ☐ Religion ☐ Sex ☐ Pregnancy ☐ National Origin ☐ Age ☐ Disability ☐ <br> How were they treated better? _other Race better treated. givien preferential treatment and They have No. credentials. treated differently_ Date: _1/2/2025._ <br> 2. Name: _ALL other Race favored treated_ Job Title: _To City painter_ <br> Email: _____ Check how they are different from you: <br> Race ☒ Color ☐ Religion ☐ Sex ☐ Pregnancy ☐ National Origin ☐ Age ☒ Disability ☒ <br> How were they treated better? _Favored treatment. To Grand Them painter Job. without painter credentials. me treated differently_ Date: _1/2/2025._ |
| **Who was treated WORSE than you?** | Name: _____ Job Title: _____ <br> Email: _____ Check how they are different from you: <br> Race ☒ Color ☐ Religion ☐ Sex ☐ Pregnancy ☐ National Origin ☐ Age ☐ Disability ☐ <br> ↙Favored treatment me → To <br> How were they treated worse? _harmful aduse, treated differently on Race. Retaliation, For engaging in protected activity in Violation._ (me) (me) Date: _1/2/2025._ |
| **Who was treated the SAME as you?** | Name: _Other Black. Trick in The_ Job Title: _City painter._ <br> G in mind. <br> Email: _____ Check how they are different from you: <br> Race ☒ Color ☐ Religion ☐ Sex ☐ Pregnancy ☐ National Origin ☐ Age ☐ Disability ☐ <br> How were they treated the same? _because The Cityofchicago advertise-announcement citypainter_ Date: _1/2/2025._ <br> _Job To have. credentials ALL Race. equal. But they don't have to other Rac. Falsification caught, don't, have credentials the other Race. But Black better ha_ |

THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION _Credentials. YES._

| | |
|---|---|
| **Are there any witnesses to any of the job actions taken against you? If yes, please provide their contact information and tell us what they will say.** | 1. Name: OIG office New, Deborah Witz burg _Insecptor General_ Job Title: City Insecptor General. _NEW?_ _833 825-5244_ _Can Repor_<br><br>Email: OIGofficedontreport lawyer said No Phone: (833) 825-5244<br><br>What will they tell us? 7-17-2025, No.Report to.comply From the city of Chicago and city commission on Human Relation. Can Report EEOC. Charge . City said No Repor<br><br>2. Name: City Commission on Human Relation Job Title: commission.<br><br>Email: _____ Phone: 312-744-4111<br><br>What will they tell us? The city Lawyer Too and commission Lawyer Too. Take over. case. EEOC. From the commission. Neutral. Process No more. and OIG Office. Insecptor General. No Neutral. Process |
| **Have you already filed a charge on this matter with the EEOC?** | Yes ☐ No ☒<br><br>If yes: Date you filed: 8/19/25 Charge Number: 440-2625-04746 |
| **Have you filed a complaint on this matter with another agency?** | Yes ☒ No ☐ _Phone. 312 744-4111_<br><br>If yes: Agency name: The city of Chicago Commission on Human Relati<br><br>Date you filed: 2/13/2024. Complaint Number: The Borad of Ethics case.17042-c<br>Falsification caught. No Report. Hidden. Commission.<br>→ Hidden evidence. To Board. 1-2-2025. NO Repor<br>2017 - 2025. |
| **Do you have someone representing you in this matter?** | Yes ☒ No ☐<br><br>If yes: Attorney ☐ Union ☐ Other ☐ city of Chicago Board<br>Ethics. case.17042-c. EEOC<br>Name: The city Board of Ethics. only the Board of Date of Contact: 7/23/2017. cas<br>because of Hidden evidence information. 46-51 to 80 painted. 1-2-2025. cas<br>Email: _____ Phone: 312-744-9660 |
| **Who can we contact if we are unable to reach you?** | Name: Wife. Deborah McGraw Relationship: Wife<br><br>Address: 3158 W. Roosevelt Rd 610 Apt City: Chicago State: IL Zip Code: 60612<br><br>Email: _____ Home Phone: 312-925-0518 Cell: 312) 925-0518 |
| **Privacy Act Statement** | This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are: 1) EEOC PRE-CHARGE INQUIRY, FORM 290A, ISSUED OCTOBER 2017. 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. §12117(a). 3) PRINCIPAL PURPOSE. The purpose of this form is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge counseling, if appropriate. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's assessment of your situation. It is not mandatory that this form be used to provide the requested information. EEOC Pre-Charge Inquiry, Form 290A, issued October 2017. |

Please note: You must file a charge of job discrimination within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located where a state or local government agency enforces job discrimination laws on the same basis as the EEOC's laws. **This Pre-Charge Inquiry is not a charge.** If you would like to file a charge of discrimination immediately, contact the EEOC office on the cover letter. We recommend that you keep a copy of your completed Pre-Charge Inquiry and the Cover Letter for your records.

**THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION**

Victim. J. U.S.A. 11 deception it 2025.
IN CONFLICTS OF INTERESTS. Violation.

ADA-Disable-Petitioner. Nonprofit
Zachary A McGraw JR. Innocent Ordinance
Vs EEO C.-
City of Chicago. 1997 to 2025.
Violation. Yes New Evidence. AT. 1.
Caught. Yes. denied Promotions

Tort-Complaint.
Mental-Health.
Race. Abuse-Misleading. Perjury
This is what The city chicago miss
equalTreatment
Treated differently!

Complement action under Lawful in Re
CONTINUE ERROR. Emloy.
Victim IN CONFLICTS OF INTERESTS. Viola
Caught 2017 To. The Board of Ethics.- YES.
No Report Ordinance-Case. 17042-C.
Violation- Misconduct. Violation.-ERRO
Why. No Report it 2025. deprival
Black. Race. of Knowledge of abuse. Rule
Board Report CHALLENGE. UNder review. Viola

it 2025 of False-Statements. Caught-2007-2012. Rule-Analyzed disclose To authorities Report with Credentials I-Chicago

1. The EEOC. US. Equal Employment opportunity commission human-civil right. 1999-2025. No report. From OIG office-
2. The city of Chicago. Personnel office human right investigator 2012. No report. And from OIG office inspector general.
3. The city of Chicago. On human relation 2007 to 2012 to 2015. No report. To the board of ethics case caught 2017-17042-C. No re
4. The city of Chicago OIG office Inspector General 1997 to 2007, no report. to the board.- denied Promotions opt-out settlem
5. The city of Chicago OIG office Inspector General 2009 to 2021 the new Inspector General no report he resign. No reports-
6. The city of Chicago Circuit Court First Judicial District Chanery 2015 first judge Leroy Martin no report from OIG office.
7. The city of Chicago Circuit Court First Judicial District Chanery 2016 second judge Anina-Demacopoulos no report from OIG. Mislead office. Hiding. City Lawyer. commission Lawyer. Hidden document From court. Evidence Information.
8. The Appellate Court First Judicial District 2016 no report to judge 3 from OIG Office Inspector General. Mislead The Court.
9. The Circuit Court Judicial District Chanery chief judge Tim-Evan 2016 no report from OIG Office Inspector General. Mislead The court
10. In the US Attorney office Northern district of Illinois City of Chicago office, no report from OIG Office Inspector General. No Report
11. In the Supreme Court of Illinois 2017 no report Hon. chief Ann Burke From OIG Office Inspector General. Mislead The Court
12. First Federal Court Files Court Clerk Office 2001 no report from OIG Office Inspector General. only-petitioner YES.
13. First Federal Court Hon. Ruden Castillo No report to Hon Judge from OIG Office Inspector General. Mislead. The court.
14. First Federal Court Hon. Nan Nolan No report to honorable Judge 2005 from OIG Office Inspector General. Mislead. The court,
15. First Federal Court Hon. Zagel 2007 no report from OIG Office Inspector General. Mislead. the court.
16. First Federal Court Hon. Gettlement 2007-2012 No report from OIG Office Inspector General. Fraud-Scheme caught-Cheating. 200%
17. First Federal Court Hon. Madson 2008 no report from OIG Office Inspector General. Mislead. The court.
18. First Federal Court Hon. Lefkow 2012 no report from OIG Office Inspector General.- And opt-ed-out. settlement. 2008.
19. First Federal Court Hon. chief judge James F. Holderman from OIG office 2007 Inspector General.- Mislead. The court.
20. Now 2017 case caught 17042-C the Board of ethics case no report from OIG office Inspector General.- Mislead. To The court
21. Now 2017 case caught No report the city to Check rule Council from OIG office Inspector General. Mislead. The court,
22. Now 2022 To check No report still waiting no report from new Hon. Inspector General Deborah-Wiszburg.- hire-4-2022. YES.
23. Amend ordinance 2013 violation caught 1999 transfer painter hidden no report OIG office inspector General 2012. Misleading the cou
24. No report to Hon. Mayor Daley to Hon. Mayor Emanuel to Hon. Mayor Light Foot OIG office 2009 to 2021- Mislead. The mayors
25. No report to Hon. Brandon Johnson new mayor May 15, 2023:- OIG office- And The Board of Ethics Reg-465. No Report
26. Now evidentiary hearing meeting 2-156-385. The board ordinance report conduct unlawful- of discrimination And Bias. YES
27. No Report- First Federal Court-Hon-milton shadur. 2009 to 2010. And First Federal Hon. Appeal.- 2008. COURT.

"ATT. it 2025 Waiting for the city of Chicago city council of the violation to rule regulations. An ordinance amended 2013-No Report
Declaration of City policy find that pre-judice of Discrimination against any individual historically have been the subject of YES.
discrimination of and Bias. By city government officials the violated ethics ordinance" "probable cause" "reasonable cause" YES.
And The credibility of the complaint. Why it was not enforcement ordinance the investigation unlawful misconduct report. YES.
To have a occurred Knowing all this time hidden-violation. Unlawful Activity constitute a violation evidence hidden- evaluation
1999, 2000, 2001, 2002. Perjury violated to show the court to examination the truth Justice The city governmental ethics YES.
ordinance allegations misconduct the nature of the conduct. the board of ethics has the sole-authority. Report of law to YES.
city legislative Equal opportunity Employment no cheating other race for a painter opportunity for their family. Note finding YES.
for someone to the enabling ordinance described the materials evidence document in 2007 and 2012. city documents. YES.
Evidence Hidden: Concealment Notoff the OIG office General Violation 2013 ordinance. 2-120-480. Reg.
Notice certify violation 2-156-164 chapter 465 Reg

From ADA-Disable petitioner Zachary McGraw innocent
was jail in the mind mislead mental-health. it 2025. No Report
Thank the heavenly justice treated differently abuse and Victim.
harmed of protected class municipal section- city documents.
2-152-340 Reg YES.
Proof of service in person devilry 1-2-2025. Pages-168. 137
Notice certify violation. 2-156-164 Reg. 2-74-90 Reg.
Zachary A. McGraw Jr. 2-152-340 Reg. 2-156-410 Reg.

1. To the city clerk of city hall.- 46-51. Painter-Hidden.
2. To the Hon. Mayor Brandon Johnson 5-15-2023.
3. To the Hon. The board of ethics case 17042-C 2017.
4. To the Hon. Inspector general Deborah Wiszburg 4,
   2022.- 2013 Ordinance. 2-120-480. Reg. Violation.
5. To the city lawyer commission human relation lawyer.
6. To the city Hon. Council-Member Note of violation
hidden evidence code municipal section harmed of EX
protected class. 2013-Amend-ordinance. Hon. Mayor
2-152-340 Reg. treated differently. Mission. Emanuel.
Proof of services 1-2-2025. A GUIDE To Ethics. Officials. documents.
In person Devilry. 2013. ASHRA Tional Code of conduct. Rule Regulations. YES.
2-156-610 Reg. AND A GUIDE For The-PUBLIC. city of chicago. administers.
2-156-465 Reg.
2-160-030 Reg.
2-120-480 Reg.

Zachary T. McGraw JR.
INTRODUCED. CODE. Note. INJ.
Commission. IN Violation.
Chicago City Clerk - Council Tr
2025 JAN 2 AM 9:09
it 2025. → CITY
GTO. Board of REVIEW.

Case-12-E35
Tricking
Loop
Need

2012. The Board case. M942-C
caught. 2012-2015. PESS

Regarding- is the violation still has continue occurred have violated.

A-1

Chicago City Clerk Council HALL
2024 FEB 13 AM 9:44

ADA-Disable-Petitioner.
ZACHARY A McGraw Jr.

VS. A-2

City of Chicago. Depts.
City of Chicago. Commission.
740. N. Human Relation.
City of Chicago - Personnel.
Employment Human Resources.
City - Lawyer. Commission Lawyer.
AND City of Chicago Office.
→ 740. Inspector-General → Who Deined.
who → TRICK → The AVISORY Board 2015. ← Per Jury
Human Relation Commission 740. At. Ethics. H2024.
Case-2012-12-E-55. To. Review. → To The Board.
→ NO. Report. Never-Addressed 2007 to 2021. H2024.

No
Report.

MENTAL HEALTH
it 2024.
Claims of abuse d.
Special Extraordinary Cirumstances.
The VIOLATION-ORDINANCE.
Secret
Caught →
it 2025. U.S.EEOC.

Miscondut.
U.S. EEOC
Hidden. 46-51.
Painter. caught.

Procedure
The Board or Ethie
Case. 17042 - C.
The Board case.
To. Know - Truth.
FALSIFYING State
2007.24.7. documen
New. Hon. Inspecto
General. Deborah witzb
Hired. 4 April-202
So. City-Coun ii
Can-Check and Balu
for Violation. Ordin
Reg. 2-160-110
Reg. 2-156-46
Still → Wantin

ZacharyA McGra

2015. Stop! - For. Pursuant To Regulation. 250. 120. Reg. objections
Hearing.

5 CITY CLERK CITY HALL A Party May OBTain-Review of This ORDER. ONLY.
ATT. Authority.
1. Hellon. Mayor.
BRANDON JOHNSON.
2. The Hon. Inspector.
DeBORAH WITZburg.
3. The Board of Ethic.
case. 17042-c 2017.
4. The City Lawyer.
The. Commiss-Lawyer.
5. The CITY Council.
PROOF of service.
Veracity 1-13-2024.
FROM. ADA Disabil petitoner
ZACHARY A. McGraw Jr.
3158 W. Roosevelt Rd. APT.
610.
Chicago, IL, 60612.
Zachary A McGraw Jr.
Pages-47.
Proof of service.

After The Commission. has ISSUED AN ORDER. Dismissing
The Complaint Other Than- Administrative Hearing or As
Part of OBJections. To a Hearing. OFFICER'S FIRST-Recommend
Decision after an Administrative Hearing. Will be Necessar
To Resolve-material Factual Remains To be-determined.
Petitioner and Repsondents. Whether these matters can be
Solved at The INVESTIGATORY Stage. OR Whether a Hearing
Chicago-Commission ON Human Relation complaints are To.
Be Liberally. Construed To ensure that The Policies of
The Chicago Human Rights ORDINANCE. Reg. 2-160-010. Munic
ARE NOT Frustrated Chicago MUNI code. 2-156-465. Reg.
Certain-Allegations. Contained go Have-Jurisdiction To check.
To. Enforce - Authority To Resolve. Whether-Complainant
Allegations. ARE TRUE. Under Law. in Evidence of a
Violation. of the ORDINANCE. Prohibit-160-030 Reg. 356-150
it- Qui tam-PROVISIONS. AN -adversarial-Nature-Support-docume
Creating-AN. Flase-Report. Claim-Resondant-disparate-Treatm

Veracity 2-13-2024. This is What-They miss.

Zachary A McGraw
Jr

## Power and Discretion of Court

Damages which included lost wages and emotional pain suffering in convenience metal anguish and loss of enjoyment of life and reputation and the parties stipulated that the amount of the employees lost wages was 2803 rule. In evaluating a motion for new trial on the basis of trial error. The court first must determine whether the error was made in the course of trial and then must determine whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with "substantial" Justice" Rutter V. Rivers, D.C. Pa, 2002. 191 F. Supp 2d 584 revered on other grounds CA 3d, 2003 Fed Appx 182 any error of law, if prejudicial is a good ground for a new trial, Colegrove V. Cameron Mach. Co. DC Pa, 2001 172 F. supp 2d, 611 632, citing wright, Miller V. Kance. To constitute proper ground for granting a new trial an error defect or other act must affect the substantial rights of the parties. Walker V. Bain cia 6th 2001 257 F 3d.660.

2017 — A-3. A-# — Unlawful it 2025. Inspector General OIG Office? No Report. Falsification. To Chicago Board case. And Chicago City Council. New. No Reporter Truth it 2025. Can't Stop my opportunity for painter city Chicago. Hidden. From. Cheif Judges.

Look→ Unlawful. Look→ it 2025. And my painter→ opportunity job. Yes! Hon. Judges. All That Times.

Investigation 1999. Hidden information. 2000. In 9-11-2001. Finding Hearing. And 2002. Request of review. 2007-2-2402 Caught 2012. No. Show.

12-14-2001 Docket Report. Check it 2025. Statement? Falsification. Perjury. No More Cheating. Only For Job. 2006. Opportunity. Re-Apply. Then→ Told. every→ job applicants.

it 2023. it 2025. City Lawyers must Tell Truth. Commission Lawyers tell the truth. Facts. Misleading. The Courts and judges.

Hidden From Federal Court. OIG Office Trick. 2009 to 2021. He→ Re-signed for Feature. misleading. deception. it 2025. Still No. Report.

Never Corrected Error. Wrong doing. misconduct. In Re-Examination. The Courts and Judges. No. Report. To. The Board of Ethics. Want. and city council. it→ The Reporting.

I Have To. show documents. of federal paper. Caught. 2001-2007. Federal court. Report card. What the. city of chicago did. Hidden document. From Hon. Judges. The Beginning. caught. Hidden. it 2025. Information Evidence. From the Hon. court. Was Not Told. The Truth. To. Hon. Judges.

Insepter General Office. Insepter General office. it 2025. No Report. Unlawful. To. The Board case. and city council. Error. Federal. Tort. to. Hon. Judges. it 2025. Yes. Unlawful it 2025.



DEPARTMENT OF PERSONNEL
CITY OF CHICAGO
121 N. LASALLE
CHICAGO, ILLINOIS 60602
91001-0133
08/04/95

ZACHARY     A MC GRAW
1337 N MASON

DEAR CANDIDATE:

THIS IS TO NOTIFY YOU OF THE RESULTS OF THE EXAMINATION

FOR PAINTER

YOUR NAME HAS BEEN PLACED ON THE ELIGIBLE LIST WITH A

SCORE OF QUALIFIED.

YOUR NAME WILL REMAIN ON THE LIST FOR ONE (1) YEAR.

YOU WILL BE NOTIFIED BY MAIL WHEN YOUR ONE YEAR

ELIGIBILITY PERIOD HAS EXPIRED.

IF YOU ARE STILL INTERESTED IN EMPLOYMENT WITH THE CITY

AFTER THAT TIME, YOU WILL BE REQUESTED TO NOTIFY THIS OFFICE.

SINCERELY YOURS,

GLENN E. CARR
COMMISSIONER



YES! YES! it 2019 Board of Ethics - case # 7092-L.

(A-5.)

NO REPLY it 2025.

: TO Refered : To OIG Ispector General

: TO INVestigate ANY MATTER yes

# Chicago Public Schools

dUE Process Rights.

### Elihu B. Washburne Trade School

This certifies that

## Zachary McGraw

AN-adversorial-Nature
it qui tam-provision!

has successfully completed the prescribed course of study for

## Painting and Decorating

and is awarded this diploma by authority of the

Board of Education, City of Chicago.

July 18, 1980

LOOK OKAY YES!

APPELLANT is Good BLack painter only Truth obeying Regulation

it 2020 - 2021. 1420211 yes

INNOCENT. TRUTH YES. it 2025.

YES. I'm → The Most QuaLiFied. For

Chicago City painter → opportunity painter Job

ATT. Thank The Heavenly Justice → Truth? Promotion.

VERy much! YES! YES.

contribution for which they are reimbursed by the entity or its affiliates shall be considered a single person. However, nothing in this provision shall be construed to prohibit such an employee, officer, director or partner from making a political contribution for which he is not reimbursed by a person with whom he or she is affiliated, even if that person has made the maximum contribution allowed under subsection (a).

(c) For purposes of subsection (a) above, a contribution to (i) any political fundraising committee of a candidate for city office or elected official; or (ii) any political fundraising committee which, during the reporting year in which the contribution is to be made, has itself made contributions or given financial support in excess of 50 percent of that committee's total receipts for the reporting year to a particular candidate for city office, elected official, or the authorized fundraising committee of that candidate or elected official, shall be considered a contribution to that candidate or elected official.

(d) Any person who solicits, accepts, offers or makes a financial contribution that violates the limits set forth in this section shall be subject to the penalty provided in Article VII of this Chapter; provided, however, such person shall not be deemed in violation of this section if such person returns or requests in writing the return of such financial contribution within 10 calendar days of the recipient's or contributor's knowledge of the violation.

(Added Coun. J. 7-25-12, p. 31123, § 1; Amend Coun. J. 7-30-14, p. 85537, § 1; Amend Coun. J. 7-29-15, p. 3567, § 1)

**2-156-450  Reserved.**

Editor's note – Coun. J. 7-25-12, p. 31123, § 1 renumbered § 2-156-450, which pertains to relationships to other laws, as § 2-156-495.

**2-156-455  Cash contributions.**

No person shall make any cash contribution to any candidate for city office in an amount in excess of $250.00.

(Added Coun. J. 7-25-12, p. 31123, § 1)

**2-156-460  Reserved.**

Editor's note – Coun. J. 7-25-12, p. 31123, § 1 renumbered § 2-156-460, which pertains to sanctions applicable to board of ethics, as § 2-156-500.

**ARTICLE VII.  PENALTIES FOR VIOLATION (2-156-465 et seq.)**

**2-156-465  Sanctions.**

(a) *Employment sanction.* In addition to any other applicable penalty provided in this article, any employee found to have violated any of the provisions of this chapter, or to have knowingly furnished false or misleading information to the board of ethics, shall be subject to employment sanctions, including discharge, in accordance with procedures under which the employee may otherwise be disciplined. Any official who knowingly files a false or misleading statement of financial interests, or knowingly fails to file a statement within the time prescribed in this chapter, or otherwise violates any provision of this chapter, shall be subject to removal from office.

(b) *Fines.* The following fines shall, as appropriate, apply to violations of this chapter:

(1) *Failure to complete ethics training.* Any employee or official who violates section 2-156-145 and any lobbyist who violates section 2-156-146 shall be fined not less than $200.00 nor more than $750.00 for each such violation. Each day that a violation continues shall constitute a separate and distinct offense to which a separate fine shall apply. The board shall also make public, in a manner that the board may deem appropriate, the names of lobbyists, employees and officials who failed to complete a mandatory ethics training on time.

Case: 1:25-cv-13445 Document #: 1 Filed: 11/03/25 Page 28 of 98 PageID #:202

*(Handwritten annotations throughout the page: "ATT. Perjury...Truth → it 2025", "Trust-violation it 2025", "To.v for city council.", "2017 Look → The Board of Ethics. Record. All This Time.", "Case - 17042-C. → No Report.", "OIG-office. No Report 2009-2021", "it2024. deception. Misleading", "No Report. Never.", "it2024", "it2023", "secret Hidden caught", etc.)*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2001 | 1 | COMPLAINT(Attachments) ; jury demand -Civil cover sheet- Pro se appearance by Zachary A. Mc Graw, Jr. (Original and one copy summons(es) issued. Documents: (1-1 through 1-3)) (ntf) Modified on 01/02/2002 (Entered: 12/17/2001) |
| 12/14/2001 | | RECEIPT regarding payment of filing fee paid; on 12/14/01 in the amount of $ 150.00, receipt # 107432. (ntf) (Entered: 12/17/2001) |
| 12/17/2001 | 2 | RETURN OF SERVICE executed as to defendant Cty Chgo Dept on 12/17/01 (jmp) (Entered: 12/20/2001) |
| 12/27/2001 | 3 | MINUTE ORDER of 12/27/01 by Hon. Ruben Castillo : After a careful review of the initial pleadings in this case, the Court has decided to hold an expedited settlement conference. Plaintiff is directed to immediately serve the complaint and exhaust all settlement possibilities for this lawsuit. The Court will hold a settlement conference in chambers at 12:30 p.m. on 02/07/02. Parties to file a joint status report on or before 02/05/02. (See reverse of minute order.) Mailed notice (jmp) (Entered: 12/28/2001) |
| 01/02/2002 | 4 | ATTORNEY APPEARANCE for defendant by Nadine C. Abrahams, Valerie Depies Harper and Mara Stacy Georges (jmp) (Entered: 01/03/2002) |
| 01/07/2002 | | MOTION by defendant to dismiss in part plaintiff's complaint and to strike plaintiff's claim for punitive damages; Memorandum in support; Notice. (jmp) (Entered: 01/17/2002) |
| 01/10/2002 | 5 | MOTION by plaintiff for appointment of counsel . (jmp) (Entered: 01/14/2002) |
| 01/10/2002 | 6 | APPLICATION by plaintiff to proceed in forma pauperis (Attachment). (jmp) (Entered: 01/14/2002) |
| 01/16/2002 | 8 | MINUTE ORDER of 1/16/02 by Hon. Ruben Castillo : Status hearing set for 9:45 a.m. on 05/06/02. Settlement conference set for 02/07/02 is vacated. Parties to file the joint status report on or before 05/13/02. Plaintiff's motion for appointment of counsel is granted [5-1]. William Francis Dolan of Bell Boyd & Lloyd LLC, Three First National Plaza, Chicago, IL 60602, (322) 807-4362 is hereby appointed to represent the plaintiff. Defendant's motion to dismiss in part plaintiff's complaint and strike plaintiff's claim for punitive damages is granted [7-1]. The case is hereby dismissed without prejudice. Plaintiff's appointed counsel is to try and settle this case over the next 60 days. Plaintiff's appointed counsel is given until 04/15/02 to file an amended complaint. terminating case Mailed notice (jmp) (Entered: 01/17/2002) |
| 02/08/2002 | 9 | ROUTINE MOTION by plaintiff for leave to withdraw as counsel for plaintiff ; Notice. (jmp) (Entered: 02/12/2002) |
| 02/11/2002 | 10 | MINUTE ORDER of 2/11/02 by Hon. Ruben Castillo : Plaintiff's routine motion for leave to withdraw William Francis Dolan as counsel for |

*(Extensive handwritten marginal annotations surround the table, including: "2017. it 2025:", "secret Hidden caught ERROR.", "Perjury caught.", "2005 Mislead the Judges.", "Nolo Trick. Caught Misleading. The Court → Hidden evidence. 2012. Information. Withholding. Caught. Knowledge.", "Trick the court 7-24-07 caught. Court. Information Trick.", "Knowledge To.the Court. 2012 caught.", "Hidden. secret.", "Evidence. I'm victims.", "it 2025: Hidden Evidence Information. caught From Judges. city misconduct. Wrong doing. To. Hon Judges. ATT. Hidden From Court-Judge", "Sorry. Hon. Perjury. Caught.", "duty obligation.", "Misleading in deception. city lawyer caught 2005-2007.", "Hidden. Painter - 46-51 to 80. 1999. Investigation.", "Caught in 2007. 7-24-07.", "Secret why? Perjury. And 2012 caught. Sorry Judges 2007-2012 Perjury. city document", "City Lawyer. Commission Lawyer caught", and bottom: "2007. OIG office 2009 • 2012. ATT. Mislead → Hon. Judges. Trick → Truth → it 2025. Never-Addressed 2021 → it 2024. Stop → The misleading the court in misconduct. No Report.")*

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois - Docket Report. Page 4 of 8

*[Handwritten annotations across top: "it 2025. it 2024." / "Caught. → 2017. → The Board of Ethics. TO. FOR CITY COUNCIL. case #7042-c. it 2023. ← NO report. From. 2009 to 2021. OIG Office. Inspector General. it 2024."]*

*[Handwritten left margin: "A-8." circled / "Never Addressed" / "TO. it 2024. The Court. misleading deception. → ALL This Time." / "To the Board of Ethics."]*

*[Handwritten right margin: "TO The Court. YES!"]*

plaintiff is granted [9-1]. The parties do not need to appear for the motion call on 02/14/02. William F. Dolan is granted leave to withdraw as counsel on behalf or the plaintiff. David C. Thollander, of the Law Office of David C. Thollander, 1048 Ogden Ave., Suite 200, Downers Grove, IL 60515 (630) 971-9195 is hereby appointed to represent the plaintiff. Plaintiff's appointed counsel is directed to try and settle this case over the next 60 days. Plaintiff's counsel is given until 05/03/02 to file an amended complaint. Status report will be due on 05/13/02. The status hearing set for 05/06/02 is vacated. Status hearing reset to 9:45 a.m. on 05/16/02. Mailed notice (jmp) (Entered: 02/12/2002)

| Date | No. | Description |
|---|---|---|
| 05/01/2002 | 11 *[Secret Evidence. Hidden.]* | ATTORNEY APPEARANCE for plaintiff by Thomas James Westgard, Shnea Rae Rosenkranz, David C. Thollander (fce) (Entered: 05/02/2002) |
| 05/06/2002 | 12 | MOTION by plaintiff for extension of time to file amended complaint ; Notice. (jmp) (Entered: 05/08/2002) |
| 05/07/2002 *[mislead, Court, misleading, caught. 7-24-07, 2012.]* | 13 | MINUTE ORDER of 5/7/02 by Hon. Ruben Castillo : Plaintiff's motion for extension of time to file amended complaint is granted [12-1]. Plaintiff is granted leave to file his amended complaint on or before 06/03/02. The parties do not need to appear for the motion call on 05/16/02. Mailed notice (jmp) (Entered: 05/08/2002) |
| 05/08/2002 *[Secret, City Lawyer, Commission Lawyer. Hidden evidence PERJURY.]* | | SCHEDULE set on 5/8/02 by Hon. Ruben Castillo : Status hearing reset to 6/28/02 at 10:00 a.m. Status hearing set for 5/16/02 is vacated. Parties to file the joint status report on or before 6/26/02. mailed notice (rao) (Entered: 05/08/2002) *[I'm Victims. caught it 2025]* |
| 06/06/2002 *[from Hon. Judges.]* | 14 | FIRST AMENDED COMPLAINT [1-1] by plaintiff; jury demand (Attachment); Notice. (jmp) (Entered: 06/07/2002) |
| 06/21/2002 | 15 | AGREED MOTION by defendants for an extension of time to answer or otherwise plead to plaintiff's complaint ; Notice. (jmp) (Entered: 06/25/2002) |
| 06/24/2002 | 16 | MINUTE ORDER of 6/24/02 by Hon. Ruben Castillo : Status hearing set for 06/28/02 is vacated. Settlement conference set for 1:00 p.m. on 07/10/02. Defendant's agreed motion for an extension of time to answer or otherwise plead to plaintiff's complaint is granted [15-1]. Defendant to answer or otherwise plead to the complaint on or before 07/18/02. The parties do not need to appear for the motion call on 06/25/02. Mailed notice (jmp) (Entered: 06/25/2002) |
| 06/25/2002 | 17 | CERTIFICATE OF SERVICE by plaintiff (jmp) (Entered: 06/26/2002) |
| 06/27/2002 | 18 | JOINT STATUS REPORT by plaintiff and defendant; Notice. (fce) (Entered: 07/01/2002) |
| 07/10/2002 *[Secret PERJURY in the court. Hon. Judge chambers.]* | | SCHEDULE set on 7/10/02 by Hon. Ruben Castillo : Settlement conference held in chambers. The parties are to inform the Court on or before 7/17/02 if this case has been settled. The litigation of this lawsuit is stayed until that date. Status hearing set for 7/17/02 at 10:00 a.m. mailed notice (rao) (Entered: 07/11/2002) *[I'm victims caught it 2025.]* |

*[Handwritten bottom: "LYING. TO. Hon Judges. secret PERJURY. ALL That Time. caught it 2025. To Show it misconduct wrongdoing TO. New Hon. Judges. deception."]*

*[Handwritten annotations across page:]* it 2025. it 2024. OIG office - 2009 to 2021. To The Board of Ethics, case. 17042-C. it 2023. Never-Addressed. To: For City Council. No Report. 2017. Misleading deception. To. The Court.

| Date | | No. | Entry |
|------|------|------|-------|
| 07/17/2002 | *[handwritten: A-9, I'm victims 2017 OIG office. caught Lying To. The Board 2017]* | | SCHEDULE set on 7/17/02 by Hon. Ruben Castillo : Status hearing held and continued to 7/23/02 at 10:00 a.m. All counsel who appeared at the settlement conference and Mr. McGraw are ordered to appear at the next status hearing. The date for the defendant to answer or otherwise plead will be set at the next status hearing. Parties do not need to proceed with discovery until after the next status hearing. mailed notice (rao) (Entered: 07/17/2002) *[handwritten: PERJURY. IN Settlement. Hidden-Evidence. caught in 2001]* |
| 07/23/2002 | | 19 | EXPEDITED REFERRAL ORDER: Case referred to Hon. Nan R. Nolan for settlement conference Mailed notice. (rao) (Entered: 07/23/2002) *[handwritten: 2012. misconduct Wrongdoing To. The court and Judges. sorry.]* |
| 07/23/2002 | *[handwritten: Caught 2012. City Lawyer withholding Knowledge To the court]* | | SCHEDULE set on 7/23/02 by Hon. Ruben Castillo : Continued settlement conference held in chambers. The court concludes that this case can not be settled at this time. The parties are free to proceed with discovery. Defendants' answer will be due on or before 8/1/02. mailed notice (rao) (Entered: 07/23/2002) *[handwritten: PERJURY in Hon. chambers Judge]* |
| 07/24/2002 | *[handwritten: it 2025. it 2024. Commission Lawyer. Misleading. The court. Judges. commission Lawyer. City Lawyer. deception. City of Chicago.]* | | SCHEDULE set on 7/24/02 by Hon. Nan R. Nolan : Initial status hearing before Magistrate Judge Nolan set to 9:00 8/7/02 in courtroom 1858. Parties shall deliver a copy of an initial status report to chambers, room 1870, at least three business days before the initial status hearing. If the parties have recently prepared and filed an initial status report, the submission of the previously filed initial status report is sufficient. This case was referred for settlement conference. Magistrate Judge Nolan requires compliance with the enclosed standing order before conducting a settlement conference. Parties are to bring dates when both clients and counsel will be available for a settlement conference, which regularly begin at 1:30 p.m. For further details see attached standing orders. Mailed notice (fce) (Entered: 07/24/2002) |
| 08/01/2002 | *[handwritten: Secret Hidden evidence]* | 20 | ANSWER and defenses by defendant to plaintiff's first amended complaint at law [14-1]; Notice. (jmp) (Entered: 08/05/2002) |
| 08/01/2002 | *[handwritten: Misconduct. caught Wrongdoing]* | 21 | UNOPPOSED MOTION by defendant to strike plaintiff's section 1981 claim and claim for punitive damages (Attachment); Notice of unopposed motion. (jmp) Modified on 08/06/2002 (Entered: 08/06/2002) |
| 08/05/2002 | *[handwritten: Evidence Secret. caught. For damages. Punitive damages]* | 22 | MINUTE ORDER of 8/5/02 by Hon. Ruben Castillo : Defendant City of Chicago's unopposed motion to strike Plaintiff's Section 1981 claim and claim for punitive damages is granted [21-1]. Plaintiff's Section 1981 Claim and Claim for Punitive Damages are dismissed with prejudice. Mailed notice (jmp) (Entered: 08/06/2002) |
| 08/07/2002 | *[handwritten: it 2025 caught.]* | 24 | CONSENT by plaintiff Zachary A McGraw Jr to exercise of jurisdiction by a United States Magistrate Judge. (jmp) (Entered: 08/13/2002) |
| 08/07/2002 | *[handwritten: YES!]* | 25 | CONSENT by defendant Cty Chgo Dept to exercise of jurisdiction by a United States Magistrate Judge. (jmp) (Entered: 08/13/2002) |
| 08/07/2002 | *[handwritten: No. Report. City Lawyer commission Lawyer Show-Nothing.]* | | SCHEDULE set on 8/7/02 by Hon. Nan R. Nolan : Status hearing held and continued to 9:00 11/6/02. All fact discovery will be completed by 12/31/02. Parties indicated they filed Consents to Exercise of Jurisdiction by a U.S. Magistrate Judge. In court notice (fce) (Entered: 08/13/2002) |

*[Handwritten at bottom:]* NO. TRUTH To. The court misconduct wrongdoing. deception To. Hon. Judges. secret caught For. Hon. Judge's. mental Health my mind. Evidence.

CM/ECF LIVE, Ver 3.0 - U.S. District Court, Northern Illinois - Docket Report

*[handwritten: it 2025. it 2024]*

*[handwritten across top: OIG-Office 2009 to 2021. To The Board of Ethics. case 17042-c. → To FOR CITY COUNCIL. it 2023. Never Addressed to → // The misleading To Court and The Board - deception 2017.]*

| Date | # | Docket Entry |
|---|---|---|
| 08/08/2002 | 25 | REPLY by plaintiff to defendants' defenses [20-1]; Notice. (jmp) (Entered: 08/09/2002) |
| 08/09/2002 *[handwritten: I'M Victim, caught it 2025]* | 26 *[handwritten: A-TO]* | REASSIGNMENT ORDER of 8/9/02 This case is reassigned to the Hon. Nan R. Nolan from Hon. Ruben Castillo for any and all proceedings including entry of a final judgment in accordance with Local Rule 73.1 (b). (For further detail see order.) Mailed notice (jmp) (Entered: 08/13/2002) *[handwritten: YES. CITY LAWYER PERJURY. COMMISSION LAWYER it 2025. caught Hidden Secret Evidence YES.]* |
| 09/18/2002 | 27 | MOTION by plaintiff for dismissal of action and approval of attorney's fees ; Notice. (jmp) (Entered: 09/30/2002) |
| 09/25/2002 *[handwritten: come Back with more evidence For painter Job, For reinstated painter Job.]* | 28 *[handwritten: 2005 caught iN 2007. 7-24-07 caught 2012.]* | MINUTE ORDER of 9/25/02 by Hon. Nan R. Nolan : There being no objection, plaintiff's motion for dismissal of action and approval of attorney's fees is granted [27-1]. No appearance is necessary at the 09/26/02 motion call. This action is dismissed with prejudice and without leave to refile, all matters in controversy have been resolved. The law firm of David C. Hollander is awarded attorney's fees of $1,000.00. Status hearing set for 11/06/02 is stricken. terminating case Mailed notice by judge's staff. (jmp) (Entered: 09/30/2002) *[handwritten: Judge gave me 26,000 2002 From the city of Chicago NO painter Job.]* |
| 09/07/2005 | 29 | MOTION by Plaintiff Zachary A McGraw, Jr to reopen case. (td, ) (Entered: 09/07/2005) *[handwritten: come Back→ Judge Said iF YOU caught wrongdoing]* |
| 09/07/2005 *[handwritten: Caught The City Lawyer Lying. Commission Lying.]* | 30 *[handwritten: 2007 LYING.]* | NOTICE of Motion by Zachary A McGraw, Jr for presentment of motion to reopen case 29 before Honorable Ruben Castillo on 10/26/2005 at 09:45 AM. (td, ) (Entered: 09/07/2005) *[handwritten: I give painter Job. I will painter Job. YES caught misconduct. Thank Hon Judges. YES painter Job. city Lawyer said it 2025.]* |
| 09/07/2005 *[handwritten: Trick The Court and Judge caught iN 2012.]* | 31 *[handwritten: city cheating 2007]* | MINUTE entry before Judge Ruben Castillo : This case was reassigned to Magistrate Judge Nolan on 08/09/02. Plaintiff's motion to reopen case 29 is denied without prejudice to its renewal before Magistrate Judge Nolan. Mailed notice. (ar, ) Modified on 9/16/2005 (ar, ). (Entered: 09/09/2005) *[handwritten: Caught→ PerJury To Hon Judges NO painter Job 2025.]* |
| 10/12/2005 | 33 | NOTICE of Motion by Zachary A McGraw, Jr before Honorable Ruben Castillo on 10/26/2005 at 09:45 AM. (Exhibits) (rmm, ) (Entered: 10/18/2005) |
| 10/14/2005 *[handwritten: city Rigged-painting Job caught.]* | 32 *[handwritten: painting 2007, 2012.]* | MINUTE entry before Judge Ruben Castillo : This case was reassigned to Magistrate Judge Nolan on 8/9/02. Plaintiff's motion to reopen case is denied without prejudice to its renewal before Magistrate Judge Nolan. Mailed notices (gcy, ) (Entered: 10/17/2005) *[handwritten: PerJury, misleading Hon Judges and court, I was Right.]* |
| 10/20/2005 *[handwritten: city want Report →]* | 34 *[handwritten: Transfer painter caught 7-24-07.]* | MINUTE entry before Judge Nan R. Nolan : Plaintiff's motion to reopen case [29-1] is set for presentment before Magistrate Judge Nolan on 11/08/05 at 9:30 a.m. in Courtroom 1858. Mailed notice (lxs, ) (Entered: 10/20/2005) *[handwritten: Caught. Hon Judges. Thank you very much →]* |
| 11/02/2005 *[handwritten: 2012 it 2025.]* | 35 | NOTICE of Motion by Zachary A McGraw, Jr for presentment of motion for appointment of counsel before Honorable Nan R. Nolan on 11/8/2005 at 09:30 AM; Motion. (td, ) (Entered: 11/04/2005) |
| 11/02/2005 | 38 | MOTION by Plaintiff Zachary A McGraw, Jr for leave to proceed in forma pauperis (cdy, ) (Entered: 11/07/2005) |

*[Handwritten annotations: it 2025. it 2024. it 2023.]*

*[Handwritten: Never- addressed to: OIG-Office-2009to2026 The Board of Ethics. case 17042-Co To-For city council- misleading deception 2009 to 2012 it 2025]*

| Date | | No. | Entry |
|------|-----|-----|-------|
| 11/07/2005 | *Of the court* | 36 | MINUTE entry before Judge Nan R. Nolan : Status hearing set for 12/1/2005 at 09:00 AM. Mailed notice (lxs, ) (Entered: 11/07/2005) |
| 11/07/2005 | *secret is out YES. it 2025. A\| A-11. fraud the court and a Hon. Judges* | 37 | MINUTE entry before Judge Nan R. Nolan : Minute order dated 11/07/05, docket entry 36 is vacated. Mailed notice (lxs, ) (Entered: 11/07/2005) |
| 11/08/2005 | | 39 | MINUTE entry before Judge Nan R. Nolan : Motion hearing held on plaintiff's motion to reinstate case [29-1]. Plaintiff's motion is entered and brief as follows: defendant's response is due by 11/29/05, plaintiff's reply is due by 01/06/06. Ruling on plaintiff's motion to reinstate [29-1] is set for 02/16/06 at 9:00 a.m. Mailed notice (lxs, ) (Entered: 11/09/2005) |
| 11/29/2005 | *Att: NOW. ALL Depts.City of chicago caught.FOR my. OPPORTUNITY. cheating* | 40 | MEMORANDUM by City of Chicago, Department of Aviation, City of Chicago, Department of Aviation *Defendant City of Chicago's Memorandum of Law in Response to Plaintiff's Rule 60(b) Motion for Relief from Judgment* (Attachments: # 1 Exhibit A Westlaw Case# 2 Exhibit B Settlement Agreement And General Release# 3 Exhibit C Motion for Dismissal of Action and Approval of Attorneys's Fees# 4 Exhibit D Westlaw Case# 5 Exhibit E Motion To Reopen Case# 6 Exhibit F Investigative Summary from Commission On Human Relations# 7 Exhibit G Westlaw Case)(Harper, Valerie) (Entered: 11/29/2005) |
| 12/20/2005 | *in painter. caught. Them. Hon. Judges* | 41 | MOTION by Plaintiff Zachary A McGraw, Jr to request information and authorization to subpoena records of a painter promoted in 1994 (gma, ) (Entered: 12/21/2005) *SORRY. Hon. Judges. cityofchicago TRICK. of fraud.* |
| 12/20/2005 | *secret Evidence hidden. Caught. Trick SORRY I didn't MY mind. KNOW.* | 42 | NOTICE of Motion by Zachary A McGraw, Jr for presentment of MOTION by Plaintiff Zachary A McGraw, Jr to request information and authorization to subpoena records of a painter promoted in 1994 41 before Honorable Nan R. Nolan on 1/3/2006 at 09:00 AM. (gma, ) (Entered: 12/21/2005) *Thank Hon. Judges. city gave city documents PERJURY. it 2025 city lawyer commission lawyer To. The Hon. Judges* |
| 01/03/2006 | | 43 | MINUTE entry before Judge Nan R. Nolan : Motion hearing held. For the reasons stated in open court, plaintiff's motion requesting information [41-1] is denied as premature. Plaintiff's reply to his motion to reopen case [29-1] is extended to 02/16/06. Defendant's sur-response is due 03/02/06. Ruling on plaintiff's motion to reopen case set for 02/16/06 is stricken and reset to 04/11/06 at 9:00 a.m. Mailed notice (lxs, ) (Entered: 01/04/2006) *MISLead Hon Judge. SORRY. misconduct city Chicago* |
| 01/25/2006 | | 44 | NOTICE of Motion by Zachary A McGraw, Jr for presentment of for a continuance from court date before Honorable Nan R. Nolan on 2/2/2006 at 09:00 AM. (gma, ) (Entered: 01/25/2006) *wrong doing Caught it 2025.* |
| 02/02/2006 | | 45 | MINUTE entry before Judge Nan R. Nolan : Motion hearing held. Plaintiff's motion for an extension of time [44-1] is granted. Plaintiff's reply is extended to 05/03/06. Defendant's sur-response is extended to 05/24/06. The court will rule by mail on plaintiff's motion to reopen case [29-1]. Mailed notice (lxs, ) (Entered: 02/03/2006) *2007 AND 2012. YES. Mental Health.* |
| 05/03/2006 | | 46 | REPLY by Plaintiff Zachary A McGraw, Jr to defendant's Response to |

*[Handwritten at bottom: Att. city Lawyer and commisson Lawyer. Caught. To. Victims ZacharyAMcGraw Jr. menta LV it 2025. Thankyou verymuch. Hon Judges Health. YES.]*

CM/ECF LIVE, Ver 5.0 - U.S. District Court, Northern Illinois - Docket Report

*[Handwritten annotations in margins: "it 2024.", "it 2023", "Too. For. The city council.", "Dig office. To → The Board of Ethics. case 17042-c. 2017. NO. REPORT. misleading. deception.", "A-2009 to 2021", "it 2025. NO. Report."]*

| | | plaintiff's motion to reopen case (Exhibits); Notice of filing(eav,) (Entered: 05/05/2006) |
|---|---|---|
| 05/24/2006 | 47 | SUR-REPLY by Defendant City of Chicago, Department of Aviation to reply46 In Response To Plaintiff's Motion For Relief From Judgment (Harper, Valerie) (Entered: 05/24/2006) |
| 05/31/2006 | 48 | ATTORNEY Appearance for Defendant City of Chicago, Department of Aviation by Robert Charles Rutherford (Rutherford, Robert) (Entered: 05/31/2006) |
| 06/01/2006 | 49 | MINUTE entry before Judge Nan R. Nolan: For the reasons stated in the attached order, plaintiff's motion to reopen this case 29 is denied. Mailed (Entered: 06/05/2006) |
| 06/01/2006 | 50 | ORDER Signed by Judge Nan R. Nolan on 6/1/2006(vmj, ) (Entered: 06/05/2006) |
| 07/17/2006 | 51 | MOTION by Plaintiff Zachary A McGraw, Jr to reopen case (eav, ) (Entered: 07/18/2006) |
| 07/17/2006 | 52 | NOTICE of Motion by Zachary A McGraw, Jr for presentment of motion to reopen case 51 before Honorable Nan R. Nolan on 7/25/2006 at 09:00 AM. (eav, ) (Entered: 07/18/2006) |
| 07/25/2006 | 53 | MINUTE entry before Judge Nan R. Nolan : Motion hearing held. For the reasons stated in open court, plaintiff's motion to reopen case 51 is denied. Mailed notice (lxs, ) (Entered: 07/25/2006) |
| 07/27/2006 | 54 | TRANSCRIPT of proceedings for the following dates: 2/2/06; Before the Honorable Nan R. Nolan (eav, ) (Entered: 07/28/2006) |

*[Handwritten annotation near row 47: "A-12"]*

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/10/2007 15:53:19 | | |
| PACER Login: | la0033 | Client Code: |
| Description: | Docket Report | Search Criteria: 1:01-cv-09575 |
| Billable Pages: | 5 | Cost: 0.40 |

*[Extensive handwritten annotations throughout the page including: "EVIDENCE Information Caught-Truth.", "Mislead. Trick. deception. it 2024.", "SORRY. city misconduct", "YES. it 2025.", "THaNKYOU2 VERYMUCH. THE. HeaveNLY Justice. YES!", "it Truth. it 2025", "caught. My mental. Health-2 Evidence2", "caught. it 2025. it 2024. Check for Truth. Withholding KNowLedge.", "2007. 2009 to 2021.", "Dig office NEVER - Addressed. The court 2009 to 2021.", "deceptioN And. Never. Addressed. The Board of Ethics. 2017. it 2025.", "2012. caught", "The. Case From The Board of Ethics. To. Inspector General. want do.", "case 17042-c.", "Truth. 17042-c. 2009 to 2021. misleading. deception. NO. Report."]*



**CITY OF CHICAGO**
**COMMISSION ON HUMAN RELATIONS**

IN THE MATTER OF:
ZACHARY MCGRAW,

Complainant,

and

CITY OF CHICAGO,
DEPARTMENT OF AVIATION,
Respondent.

Case No. 99-E-27

**RESPONDENT'S RESPONSE TO COMPLAINANT'S REQUEST FOR REVIEW**

Respondent, City of Chicago, Department of Aviation, by its attorney MARA S. GEORGES, Corporation Counsel of the City of Chicago, pursuant to Reg. 250.130(b) of the Rules and Regulations Governing the Chicago Human Rights Ordinance, the Chicago Fair Housing Ordinance, and the Chicago Commission on Human Relations Enabling Ordinance, hereby enter our Response to Complainant's Request for Review of the above-captioned matter, and thus hereby oppose Complainant's Request for Review. In support of our Response, which opposes Complainant's Request for Review, We state as follows:

1.    Throughout the proceedings relating to the above-captioned matter, Respondent has at all times been in compliance with the Rules and Regulations Governing the Chicago Human Rights Ordinance, the Chicago Fair Housing Ordinance, and the Chicago Commission on Human Relations Enabling Ordinance.

2.    Throughout the entire proceedings relating to the above-captioned matter, Ms. Wyvonnia Ford Bridgeforth was Complainant's attorney of record.

3.    It was not until an unknown date in April, 2002, that Ms. Bridgeforth requested to withdraw as attorney of record for Complainant (Bridgeforth's withdrawal request is undated and unnotarized). As of today's date, Ms. Wyvonnia Bridgeforth has not been given leave to withdraw as

Complainant's attorney, pursuant to Regulation 270.340, <u>Withdrawal of Attorney or Representative</u>

<u>Appearance</u>. (A-14.)

## PROCEDURAL BACKGROUND:

1.     On or about November 20, 1998, Complainant Zachary McGraw ("Complainant") was
not promoted to the position of painter with Respondent, City of Chicago, Department of Aviation.

2.     On or about February 26, 1999, Complainant filed a Complaint with the Chicago
Commission on Human Relations ("CCHR"), alleging race discrimination.

3.     On May 7, 1999, Respondent answered the Complaint, denying that it had discriminated
against Complainant on the basis of his race, or any other unlawful basis.

4.     On August 17, 2001, the CCHR found substantial evidence with respect to
Complainant's claim of race discrimination. *More. Violation. The breach.*
*Hidden ~ 1999 - 2000 - 2001. it 2022.*

5.     On December 14, 2001, the CCHR mailed an Order setting the matter for an
Administrative Hearing and Pre-Hearing Conference. Included with its Order setting the Administrative
Hearing was the CCHR's <u>Standing Order Relating To Discovery, Pre-Hearing Procedures And Pre-</u>
<u>Hearing Memorandum</u>.

6.     On December 18, 2001, Hearing Officer Robert Cohen issued a Scheduling Order for
discovery, motions, the pre-hearing memorandum, the pre-hearing conference, administrative hearing
and other deadlines.

7.     In accordance with the December 14, 2001 Order, Regulation 240.400, <u>Discovery</u>,
Regulation 240.407, <u>Request for Documents</u>, and Regulation 240.414, <u>Witness List</u>, Respondent filed
its Request for Discovery and a Preliminary List of Witnesses and mailed them via U.S. Mail to
Complainant's attorney no less than 42 days before the date of the Pre-Hearing Conference, on January
18, 2002.

*They*
*No.*
*Sorry.*

-2-

*in 2007.*
*Got caught in 2012. Keep Behind.*
*The Big Lying.*

8. Complainant failed to initiate his own discovery at that time, as required by the December 14 and 18, 2001 Orders, Regulation 240.400, Discovery, Regulation 240.407, Request for Documents, and Regulation 240.414, Witness List.

9. In violation of the Hearing Officer's December 18, 2001 Order and Regulations 240.400, 240.407, and 240.414, Complainant failed to initiate any discovery or provide Respondent with his Preliminary Witness List on or before January 21, 2002.

10. To date, Complainant has failed to initiate any discovery of Respondent.

11. To date, Complainant has failed to answer Respondent's Request for Discovery. To date, Complainant has failed to provide Respondent with his Preliminary Witness List.

12. On January 23, 2002, Complainant's attorney contacted Respondent to indicate receipt of Respondent's Request for Discovery and Respondent's Preliminary Witness List.

13. On February 1, 2002, Respondent caused to be mailed to Complainant's attorney a letter requesting compliance with Respondent's Request for Discovery and requesting Complainant's Preliminary Witness List. Pursuant to the Hearing Officer's December 18, 2001 Order, the parties' response to discovery was due on or before February 11, 2002. Notwithstanding Respondent's efforts, to this date, Complainant has been wholly unresponsive to Respondent's discovery requests.

14. At no time has Complainant objected to any of Respondent's discovery requests. Any objections to Respondent's Discovery Request were to be filed on or before January 31, 2002.

15. At no time has Complainant filed any Motions for Continuances.

16. On February 15, 2002, Respondent filed its Motion to Compel Discovery, Motion for Sanctions, and Motion to Dismiss. Complainant had seven days in which to respond to Respondent's Motions, pursuant to the Commission's December 18, 2001 Order and Commission Reg. 240.456. Complainant failed to respond to Respondent's Motions or show any good cause as to why he had not

-3-

complied with the Commission's Rules and Regulations.

17. According to the Commission's December 18, 2001 Order, "Complainant shall submit the first draft of the Joint Pre-Hearing Memorandum to the Respondent on or before March 1, 2002." To date, Complainant has failed to submit a draft of the Joint Pre-Hearing Memorandum to Respondent.

18. On March 6, 2002, Respondent sent a letter via messenger to Hearing Officer Cohen, and via U.S. Mail to the Complainant's attorney and the Commission, stating that it had not received Complainant's draft of the Joint Pre-Hearing Memorandum.

19. On March 8, 2002, Hearing Officer Robert Cohen ruled, via facsimile, on Respondent's Motion to Compel Discovery, Motion for Sanctions and Motion to Dismiss. Hearing Officer Cohen granted Respondent's Motion to Compel Discovery and ordered Complainant to respond to Respondent's discovery requests on or before March 12, 2002.

20. Hearing Officer Cohen entered and continued Respondent's Motions for Sanctions and for Dismissal until the Pre-Hearing Conference scheduled for March 15, 2002.

21. Respondent and Hearing Officer Cohen were present for the Pre-Hearing Conference on March 15, 2002, but Complainant failed to appear. Additionally, Complainant failed to write or call in advance of the Pre-Hearing conference to give notice or show good cause as to why he would not be in attendance. *Still Lying-Hidden-1999-2000-2001-2004 20 hire 16 hire 11 hire 4 hire.*

22. On March 28, 2002, the CCHR, via an Order by Hearing Officer Cohen, dismissed the above-captioned matter pursuant to Regulations 235.120(c), 240.456 and 240.463.

23. On April 9, 2002, Complainant filed a Request for Review of the dismissal of the above-captioned matter.

**COMPLAINANT'S REQUEST FOR REVIEW SHOULD BE DENIED.** *Trick the Law, misleading bias.*

1. Complainant's Request for Review alleges that his attorney, Ms. Wyvonnia *didn't known what going on, Hidden-1999-2000-2001, from her, —→ And the Truth Commission on Relation Human, in 2007, Got caught in 2012. Keep Behind.*

Ford Bridgeforth, "failed to properly represent" him in that she made false statements, failed to attend hearings, and failed to follow the guidelines set forth by the Commission. Complainant claims that he had no knowledge that Ms. Bridgeforth was not in compliance with the Commission's Rules and Regulations. *[handwritten: Hidden. 47-51 painters, from the 9-11-2001. Finging Cheating — They not in compliance — The Respondent - Peesuryon fraud and de-fraud]*

2. However, even if the CCHR finds that Complainant's attorney "failed to properly represent" him, this is not "good cause" as contemplated by the Rules and Regulations, Reg. 250.130, <u>Content of Requests for Review and Responses to Requests for Review</u>. Regulation 250.130 does not list "attorney misrepresentation" as "good cause" for reinstatement. *[handwritten: cover-up 1999, 2000 2001 hire ... 20, 16, 11.]*

Furthermore, there exists CCHR precedent on the issue of attorney misrepresentation. In cases such as <u>Alijazi v. Owner</u>, 99-H-75 (4-27-00) and <u>Howery v. Labor Ready, et al.</u>, 99-E-131 (3-10-00), the CCHR refused to vacate default orders and held that attorney negligence does not constitute "good cause." Similar to the facts in our case, the attorney of record in <u>Alijazi</u> received all notices in the case and did not present good cause for failing to meet deadlines. And, in <u>Howery</u>, the CCHR found attorney negligence where Respondent failed to give any explanation as to why a second notice of default had not been responded to, and where the Respondent's own lack of oversight and organization caused the failure to respond. In both cases, the attorney's negligence was not enough to vacate default orders. *[handwritten margin: Behind Back. Lxing to the Truth Commission and Board bias. 2021 to 2022]*

Illinois Courts have also made it clear that, "even when the failure to meet deadlines was due to the attorney's negligence and not the client's, that does not provide 'good cause.'" <u>See</u> <u>Board of Education of Thornton Township High School Dist. No. 205 v. Illinois Educational Labor Relations Bd.</u>, 235 Ill. App. 3d 724, 600 N.E.2d 1313, 1317 (4th Dist. 1992). Additionally, "A party seeking relief...is held responsible for its attorney's action or failure to act." <u>Board of Trustees of Univ. of Illinois v. Illinois Educational Labor Relations Bd.</u>, 274 Ill. App. 3d 145, 653 N.E.2d 882, 886 (1st Dist. 1995).

*[handwritten left margin: Look 'Se Rule a mishead misleading r]*

-5-

*[handwritten: in 2007. Got caught in 2012. Keep Behind.]*

In addition to these cases, the State of Illinois Human Rights Commission ("HRC") has taken the position that, even when the attorney of record for the Complainant admits to negligence and asks that the Complainant not suffer for the errors of his attorney, this is not a sufficient basis upon which to overturn the Administrative Law Judge's dismissal of complainant's charge. Ostling and City of Park Ridge, et. al, ___ Ill. HRC Rep. ___ (Charge No. 1991CA2136) (1993) In Ostling, the HRC upheld the dismissal because the Complainant had not demonstrated any failure to communicate with his attorneys, did not attempt to discharge his attorneys, and there was no evidence that the attorneys were taking actions in the HRC which were not authorized by the Complainant. While the HRC sympathized with the Complainant, it held that "if this system is to work, administrative law judges must be able to attribute the actions of attorneys to their clients." Similarly, in Cafagna and Village of Chicago Ridge, ___ Ill. HRC Rep. ___, (Charge No. 1988CF0023) (1994), the HRC held that "if there was some negligence on the part of that attorney, the Complainant may have a remedy, but it is not in this Commission."

Applying CCHR, HRC and Illinois precedent to the issues in the instant matter, if the CCHR finds that Ms. Bridgeforth has been negligent, her negligence must be imputed to the Complainant, and such actions do not establish "good cause" for repeatedly violating numerous Rules and Regulations without giving any explanations, requesting any continuances or even giving any advance notice to Respondent's attorneys or the CCHR. Complainant's recourse is not at the CCHR, but perhaps through a malpractice lawsuit against his attorney.

Even if his attorney was negligent, Complainant himself failed to take any steps to proceed with his charge. In his Request for Review, Complainant's sole claim is that he appeared for the administrative hearing on March 28, 2002 – only to find that his charge had been dismissed. At no time does Complainant allege that he was having difficulty reaching his attorney prior to March 28, 2002, and

-6-

at no time prior to the hearing date did Complainant call to check on the status of his case, which one might expect, especially since he felt as though his attorney had "on many occasions made false statements," as Complainant states in his Request for Review. *1999, 2000 2001 hire 20.. 16.. 11.. Behind The Back*

The fact that Ms. Bridgeforth, in her Motion to Withdraw Appearance, *for the first time* mentions a health condition that required emergency surgery on or about January 23, 2002, does not establish "good cause" as to why numerous deadlines were missed -- deadlines that were set *prior* to her surgery in a December 18, 2001 Scheduling Order. Ms. Bridgeforth simply failed to comply with these deadlines or give a reason why compliance was impossible. And, even if the CCHR was to take into consideration Ms. Bridgeforth's hospitalization from January 23, 2002 to February 4, 2002, it is nevertheless apparent that Ms. Bridgeforth deliberately missed deadlines, and failed to call or have someone call on her behalf to make either Hearing Officer Cohen, the CCHR or Respondent aware of why she had failed to comply with discovery, provide a preliminary witness list, respond to *Look Respondent Still Lying Hidden -1999-2000 2001* Respondent's two motions to dismiss or draft a joint pre-hearing memo, as required by the December 18, 2001 Scheduling Order.

Ms. Bridgeforth's surgery cannot excuse all of the missed deadlines. On or before January 21, 2002, Complainant was to have filed a Preliminary Witness List and to have initiated discovery, but failed to do so by this date, a date which *preceded* Ms. Bridgeforth's hospitalization. Furthermore, on January 23, 2002, Ms. Bridgeforth spoke with counsel for Respondent, Elene Vitacco, to acknowledge receipt of Respondent's Request for Discovery and Respondent's Preliminary Witness List, but at no point did she ask for an extension of time or explain why Complainant had not filed his witness list or initiated Discovery by January 21, 2002. Finally, if on February 4, 2002, Ms. Bridgeforth was released from the hospital, she has failed to explain why, even at that point, she did not contact the CCHR or Respondent and request a continuance.

*In 2007, Got caught - in 2012, - keep Behind,*

*[handwritten: CONCLUSION — Look At The conclusion - Respondent - Cheating and lying violation. Trick - mislead - 2004 - Finding - Hidden 1999 - 2000 - 2001 - 2004 4, 2005, 17.]*

## CONCLUSION

Respondent has spent an enormous of amount of time, resources and energy complying with Commission Regulations and the Scheduling Order set by Hearing Officer Cohen. Respondent has made every effort to obtain compliance on the part of Complainant -- in the form of phone calls, letters and Motions. Complainant has been and is currently represented by Ms. Bridgeforth. Any negligence committed by Ms. Bridgeforth should be imputed to the Complainant, as he failed to take any steps to ensure proper compliance with the Commission Regulations. The CCHR is not the proper forum in which to deal with attorney negligence. The Complainant has other recourse. It is important to note that Complainant has a Federal case pending in which he is represented by counsel (not Ms. Bridgeforth). The Federal charge alleges race discrimination regarding the very same conduct that is alleged in the instant matter. *[handwritten: Mislead - bias 1999 - 2000 2001 mislead - bias. 20, 16, 11.]* *[handwritten: What]*

*[handwritten: Cover up. Trick The Com and Board - Eth]*

Thus, Complainant would not be without recourse on the merits of this case if the CCHR where to uphold the Dismissal of his case for failure to cooperate, which has been clearly established. In short, Complainant has failed to diligently prosecute his claim against Respondent. He has produced no evidence whatsoever of discrimination. He has failed to respond to Respondent's discovery requests despite a prolonged opportunity in which to do so. Complainant has failed to submit his draft of the Joint Pre-Hearing Memorandum to Respondent on or before March 1, 2002 or to the present date. Complainant has flagrantly violated the Orders of this tribunal. Complainant has not demonstrated good cause as to why he as been wholly unresponsive to the CCHR's discovery process. Given Complainant's deliberate disregard for those obligations, his failure to diligently pursue his alleged claims, and the absence of any basis for his claims, he cannot now proceed with this action.

**WHEREFORE**, Respondent City of Chicago, Department of Aviation, respectfully requests that the Commission's Order of March 28, 20002, dismissing the above-captioned case be upheld.

-8-

*[handwritten: In 2001]*

*[handwritten: Got caught In 2012. keep Behind.]*

*it Time To The WAR.*

justness of the settlement is readily apparent. For instance, the City of Chicago Commission on

Human Relations, which plaintiff attaches to his motion, found there was "no substantial

evidence of retaliation or race discrimination in connection with [his] discharge." (Attached as

*Look at Hidden · 1999 - 2000 - 2001. 2004.* *Lying if what, Rigged.*

Exhibit F, p. 40). Accordingly, even if plaintiff could have established a case of race *From Finding*

*9-11-2001.*

discrimination should he have chosen to proceed, his damages would have been cut off because

of his termination.[2] Moreover, defendant's defenses and affirmative defenses were particularly

strong, including plaintiff's failure to mitigate his damages and that his damages would be cut- *evidence*

off based on after-acquired evidence. Since extraordinary circumstances are absent, plaintiff's *20 painter.*

*Caught it 2020 - 2021 - to2022. Veracity.* motion to reopen should be denied and the settlement remains effective.[3] *Lying in 1999. Fraud PerJury.*

**CONCLUSION** *Lying ALL The Time. it 2020*

*it 2021*

For the above stated reasons, the City respectfully requests that plaintiff's motion to *it 2022.*

reopen the case should be denied. *Lying all the Time got caught 2012 Yes believe.*

*And in 2000~16,*
*And in 2001~11.*
*bias - in 2007*

Respectfully submitted,

*Hidden Caught Evidence* *Misheading PerJury why.*

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

*it 2020.*
*it 2021.*
*it 2022.*
*it 2025.* *Both*

H/ Valerie Depies Harper
VALERIE DEPIES HARPER
Senior Counsel

*why*

*PerJury cityofchicago caught.*
*ALL This Time. it 2025.*

30 N. LaSalle Street
Suite 1020
Chicago, IL 60602
(312) 744-4746

*Trick. The Board of Ethics and the Truth commission on Human Relation. 2oof Finding. PerJur, Fraud.*

_____

[2]He was terminated for insubordination, discourteous treatment or provocation of another
City employee and refusal to take a drug and alcohol test when ordered to do so.

[3]Defendant notes that denying plaintiff's motion would also allow him to keep the
settlement money; whereas granting his motion would require the repayment of the settlement.

-9-

*in 2007.*
*Got caught in 2012. Keep Behind.*

*The Board of Ethics. Case-12042-c.*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to have sent by facsimile a true and correct

copy of the foregoing Respondent City of Chicago's **Response #3 to Order Requiring**

**Response to Request for Documents and Information** to the City of Chicago

Commission on Human Relations at the address indicated below on this __5th__ day of

July, 2001.

Investigator Norma Jackson
Commission on Human Relations
740 N. Sedgwick, 3rd Floor
Chicago, Illinois 60610

*Elene F. Vitacco*

**ELENE F. VITACCO**
**Assistant Corporation Counsel**



EXAMINATION ANNOUNCEMENT

SPECIAL NOTES

☒ Falsification or omission of information on an application for City employment may subject you to disqualification and/or termination of employment, and is punishable as perjury as well as a violation of Municipal Code of Chicago 2-74-090, which provides for a fine of up to $500 and six months imprisonment.

☐ Municipal Code of Chicago 2-152-150 prohibits the hiring of anyone who owes any debt to the City of Chicago.

☒ Any person appointed as a result of this notice is subject to the provisions of the Municipal Code of Chicago, specifically Section 2-152-340 which states that all officers and employees in the classified career service of the City of Chicago shall be actual residents of the City. Any officer or employee who shall fail to comply with the provisions of this section shall be discharged from City services according to the rules.

**APPLICATION INFORMATION:**

Department of Personnel
**SERVICE CENTER**
**Room 100, City Hall**
**Service Center hours:** (except holidays)
Monday through Friday
8:00 AM to 5:00 PM
(312) 744-1369 (Job Hotline)
On-line: http://www.cityofchicago.org/careerworks

**ADDITIONAL INFORMATION:**

Write or call:
Department of Personnel
Room 1100, City Hall
121 North LaSalle Street
Chicago, Illinois 60602
Phone: (312) 744-4976
TTY: (312) 744-2563

**VETERAN'S INFORMATION:** In accordance with Personnel Rules, veterans who receive a rating of "Qualified" on an examination, served in the armed forces of the United States on active duty continually for six months and who were not dishonorably discharged, may be considered for Veteran's Preference. Get a "Request For Veteran's Preference" form from the personnel Application Counter in the Service Center. Read the entire form carefully, fill in the requested information and attach a photocopy of the required documentation. Return the form and the documentation to the Application Counter. Your documentation will not be returned—do not give us your originals.

AT ANY TIME DURING THIS EXAMINATION OR DURING THE LIFE OF THE RESULTING GENERAL EMPLOYMENT LIST, THE DEPARTMENT OF PERSONNEL RESERVES THE RIGHT TO MODIFY THE EXAMINATION, TEST SCHEDULES AND/OR IMPOSE ANY ADDITIONAL TESTS, STANDARDS OR QUALIFICATIONS IT DEEMS APPROPRIATE TO EVALUATE APPLICANTS FOR THIS POSITION.

Rev. 06/04

*[handwritten annotations at top]* Chicago Ethics case 17042-c. This is what the city miss chicago. YES! Board of Ethics case 17042-c. Commission - on Human Relations. Case No. 99-E-27. 2019 YES!

| Name | Race | Hire Date |
|---|---|---|
| Arnell Scott | African-American | 07-18-88 |
| Arnold Cobi | Caucasian | 03-01-89 |
| Carlo Napolitano | Caucasian | 07-01-90 |
| Konstantinos Ress | Caucasian | 07-02-90 |
| Scott Sutcliffe | Caucasian | 07-13-90 |
| Robert Weiss | Caucasian | 09-07-90 |
| Manuel Villegas | Hispanic | 09-30-90 |
| Anthony Tummillo | Caucasian | 11-16-90 |
| Joseph Brown | African-American | 11-16-90 |
| Joseph Ustasiewski | Caucasian | 12-02-91 |
| Michael Gannon | Caucasian | 05-23-93 |
| Joseph Gabellini | Caucasian | 12-01-94 |
| Steven Venturini | Caucasian | 07-01-97 |
| Richard Egan | Caucasian | 07-01-97 |
| Mary Moreland | Caucasian | 7-01-97 |
| Michele Bibbiano | Caucasian | 11-16-98 |
| Josephine Crosse-Sakota | Caucasian | 12-16-98 |
| Barbara Steele | Caucasian | 12-16-98 |
| Leonard Krawiec | Caucasian | 12-16-98 |
| Arthur Landini | Caucasian | 08-01-99 |
| Theodore Jackson | African-American | 08-02-99 |

*[handwritten]* ← Black. Not me

*[handwritten at bottom]* Was STILL working at Aviation wouldn't promoted me But hired Theodore Jackson instead African-American to cover-up scheme. it 2019 NOW ALL Depts. 26 years Left Behind. Victims city chicago OKAY. it 2023. 26. This is what they MiSS. YES.



City of Chicago
COMMISSION ON HUMAN RELATIONS
740 N. Sedgwick, 3rd Floor
Chicago, IL 60610
(312) 744-4111 [Voice]
(312) 744-1081 [Facsimile] / (312) 744-1088 [TTY]

IN THE MATTER OF

Zachary McGraw
COMPLAINANT,

AND

Chicago Dept. of Aviation
RESPONDENT.

Case No. 99-E-27

Date of Order  May 24, 2002

To: Zachary McGraw
712 N. Trumbull
Chicago, IL 60624

Wyvonnia Ford Bridgeforth
1140 W. Lake St.
Oak Park, IL 60301

Elene Vitacco
Chicago Law Dept.
30 N. LaSalle, Ste. 1020
Chicago, IL 60602

ORDER

THE CHICAGO COMMISSION ON HUMAN RELATIONS HEREBY ORDERS:

Complainant McGraw has asked for an extension of time to file his reply concerning the dismissal of his case. Since he filed the Request for Review of that dismissal, his attorney has filed a request to withdraw her appearance. McGraw reports that he is asking for additional time to reply to Respondent's response because he is meeting with a new attorney about this matter. Respondent has not objected.

The Commission GRANTS his request. Therefore, McGraw's reply is now to be filed with the Commission and served on Respondent's counsel on or before June 13, 2002. Further, if a new attorney does agree to represent McGraw, that attorney must file his or her appearance with the Commission and serve it on Respondent's counsel on or before that same date.

PURSUANT TO REGULATION 250.120, A PARTY MAY OBTAIN REVIEW OF THIS ORDER ONLY AFTER THE COMMISSION HAS ISSUED AN ORDER DISMISSING THE COMPLAINT OTHER THAN AFTER AN ADMINISTRATIVE HEARING OR AS PART OF OBJECTIONS TO A HEARING OFFICER'S FIRST RECOMMENDED DECISION AFTER AN ADMINISTRATIVE HEARING.

By:    Clarence N. Wood, Chairman
for:   CHICAGO COMMISSION ON HUMAN RELATIONS

*The Board of Ethics*
*Case-17042-C*

**A-2**

**A-26**

*The office oïG.*
*Knew it 2022.*
*2023.*

*it 2025.*

*it 2025.*

**City of Chicago**
**Richard M. Daley, Mayor**

Department of Aviation

Mary Rose Loney, A.A.E.
Commissioner

Chicago O'Hare
International Airport
P.O. Box 66142
Chicago, Illinois 60666
(773) 686-2200
(773) 601-8333 (TTY)
http://www.ci.chi.il.us

June 4, 1997

Mr. Zachary Mc Graw
1337 North Mason
Chicago, Illinois 60651

Dear Mr. Mc Graw :

Thank you for your interest in seeking a position with the Department of
Aviation. In view of the fact that we were unable to select you for the
position of **Painter**, your name will be returned to the Department of
Personnel's eligible list.

Sincerely,

*Violations.*
*The Rules.Code.*
*Cheating-deception.*

Timothy Mc Carthy
Assistant Commissioner
Department of Aviation



Please
Recycle!

*A-21* *A. 51.* The Board of AHR. Case — 1704 2.1



The office orG
knew. it 20 23
it 2023.

it 2025.

**City of Chicago**
Richard M. Daley, Mayor

Department of Aviation

Mary Rose Loney, A.A.E.
Commissioner

Chicago O'Hare
International Airport
P.O. Box 66142
Chicago, Illinois 60666
(773) 686-2200
(773) 601-8333 (TTY)

Erin M. O'Donnell
Deputy Commissioner
Chicago Midway Airport
5700 South Cicero Avenue
Chicago, Illinois 60638
(773) 838-0608
(773) 838-0795 (TTY)

http://www.ci.chi.il.us

November 20, 1998

Zachary Mc Graw
1337 North Mason
Chicago, IL 60651

Dear Mr. Mc Graw:

Thank you for your interest in seeking a position with the Department of
Aviation. In view of the fact that we were unable to select you for the
position of **Painter,** your name will be returned to the Department of
Personnel's eligible list.

Sincerely,

Violations
The Rule's, Code.
Cheating deception.

Timothy J. McCarthy
Assistant Commissioner
Department of Aviation





Case: 1:07-cv-00414 Document #: 7 Filed: 04/04/07 Page 55 of 70 PageID #:135

mislead-COURT!
mislead the case!

CITY OF CHICAGO
FREEDOM OF INFORMATION REQUEST #1-99
TITLE: PRINTER
G122/79

| HIRE DATE | NAME | | DEPARTMENT | PAY RATE |
|---|---|---|---|---|
| 98/02/08 | COLLINS | ROBERT M | STREETS & SANITATION | 25.60 |
| 97/02/03 | DEA | JOHN S | TRANSPORTATION | 25.60 |
| 97/05/27 | STARI | PAUL F | GENERAL SERVICES | 25.60 |
| 97/07/01 | NOLAN | MATTHEW D | STREETS & SANITATION | 25.60 |
| | DANIEL | RICHARD K | AVIATION | 25.60 |
| | DANIEL | RICHARD E | AVIATION | 25.60 |
| 97/07/24 | VENTURINI | STEVE J | AVIATION | 25.60 |
| 98/07/29 | LANEY | JOHN K | GENERAL SERVICES | 25.60 |
| 98/12/16 | SIURS | JANUSZ C | GENERAL SERVICES | 25.60 |
| | INK | TERRENCE C | WATER | 25.60 |
| | RAMIEC | LEONARD R | AVIATION | 25.60 |
| | ROSE | JOSEPHINE T | AVIATION | 25.60 |
| | | BARBARA L | AVIATION | 25.60 |

*Handwritten annotations throughout:*

INfo. Reffered to OIG INspector General To INvestigates ANy matter. YES. 2009-2021.

A-28.

dUE PROCESS rights, NO Report. ANd MORE.

AN-adversarial-Nature. it qui tam-provisions.

misleading. deception. 2009-2021. misleading. deception. The beast of these 6 the beast of these 6.

Caught.

All this time. mislead. deception. They STILL Working as a Sanitor. POSItion! caught.

hidden-Freedom of INformation-2006-2011. obstruction-Deception. Lied to the court.

2006-2016 90 iN going 2019-2020-2021-2022-2023. Cheating-fraud-perjury.

1991-2001-2012. Working. STILL Not A Painter POSItion. 2006-2016. POSItions. 2019-2020-2021-2022-2023.

NO Check NO Check NO Check NO Credentials NO Check NO Check NO Credentials.

couldn't find a painter position.

Ali Dept.'s. first this 1991.

iNcrement. iNformation. INvestigate.

Office of OIG. NO Report. 2009-2021.

*Hidden* *[handwritten scrawl]* *... you, misconduct Caught*

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA  ☒ EEOC | 210A01805 |

*[handwritten: A 29 12B]* Illinois Dept. of Human Rights
*State or local Agency, if any*

and EEOC *LOOK. it 2023.*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Zachary A. McGraw  *[handwritten: The Board of Ethics case 2017. 17042-C.]* | (773) 515-8771 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1337 North Mason, Chicago, IL 60651  *[handwritten: Caught → it 2025.]* | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| City Of Chgo. Aviation Dept. | Cat D (501 +) | (773) 686-2200 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| P. O. Box 66142, Chicago, IL 60666 | | 031 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| *[handwritten: "Now Hidden - 1999 Investigation 46-51 to 20 painters. Caught. 2024. 2007. 2012]* | |

STREET ADDRESS / CITY, STATE AND ZIP CODE  *[handwritten: "Now ALL Dept's. Hidden. deception + misleading.]* / COUNTY

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

*[handwritten: deception Mislead The personnel Board 1999.]*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 02/07/2000 | 02/07/2000 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):  *[handwritten: 2007. 2012 I was Right caught.]*

I. I was employed by the above named Respondent on in December 1995, as a Custodian. On November 20, 1998, he filed an EEOC complaint against Respondent, alleging race discrimnation. On November 14, 1999, he was relieved from duty and placed on a paid leave of absence pending and investigation and discharge. Finally, on February 7, 2000 I was terminated. *[handwritten: TRICK. "Now caught misleading The Board of Ethics caught In 2017.]*

II. Respondent's reason given for my suspension and subsequent discharge, was because I refused to take a drug test and insubordiation. *[handwritten: Trick. deception. misleading. The personnel Broad, + city of Chicago 1999.]*

III. I believe that I have been retaliated against in violation of Section 704a of Title VII of the Civil Rights Act, of 1964, as amended, in that I deny that I was insubordinate and that I refused to take a drug test. *[handwritten: This is Why They didn't check Behind My Back. painter Job. 1997, 1998, 1999, 2000. in cheating]*

*[handwritten annotations across bottom: Century Fraud. → Hidden. bias. in 1999 20 painter hire. employment. / bias. in 2000 16 painter hire. employment / bias Trick. 2001 11 painter hire. employment, / caught cheating → 2012 caught / Race Fraud + discrimination. caught / No. Black painters. In 2007 - 7-24-document request. review.]*

*[stamp: RECEIVED EEOC 1999. FEB 16 2000 CHICAGO DISTRICT OFFICE]*

*[handwritten: They - misleading- ALL The Time. Hidden Evidence. deception. / it 2023. it 2025. and 2007.]*

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

SIGNATURE OF COMPLAINANT

| 2-16-2000 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
|---|---|
| Date  *[signature: Zachary A. McGraw]* Charging Party (Signature) | (Month, day and year) |

EEOC FORM 5 (Rev. 06/99)

**CHARGING PARTY COPY**

*NEVER→AVoid→The Boord of Ethics=VERacity-Matter.*



City of Chicago
**COMMISSION ON HUMAN RELATIONS**
740 N. Sedgwick, Third Floor
Chicago, IL 60610-3478
(312) 744-4111 [Voice]
(312) 744-1081 [Facsimile] / (312) 744-1088 [TTY]

*From→9-11-2001.
Look-see What I see.*

IN THE MATTER OF )
)
Zachary A. McGraw, )
COMPLAINANT, )
AND )
)
City of Chicago, Department of Aviation, )
RESPONDENT. )

Case No. 99-E-27

Date Mailed: August 17, 2001

To:    Wyvonnia Ford Bridgeforth
       Law Offices of Bridgeforth
       1140 W. Lake Street, Suite 302
       Oak Park, IL 60301

Elene F. Vitacco
Assistant Corporation Counsel
City of Chicago/Department of Law
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602

### ORDER FINDING SUBSTANTIAL EVIDENCE
### AND SETTING CONCILIATION CONFERENCE

On July 26, 2001, the Chicago Commission on Human Relations determined that, with respect to the above-captioned case, there is substantial evidence of the alleged violation of the Chicago Human Rights Ordinance ("Ordinance") against Respondent City of Chicago, Department of Aviation ("Respondent") with respect to the claim of race discrimination relating to denial of transfer → *Was Not Promoted* to the position of Painter.

The Commission has found no substantial evidence against Respondent City of Chicago, Department of Aviation concerning the claims and allegations of race and retaliation, relating to the discharge, and, therefore, these are hereby dismissed for lack of substantial evidence.

A mandatory Conciliation Conference to resolve the matter is scheduled for September 11, 2001, at 10:00 AM. An independent Conciliator, Martin J. Dubowsky, appointed by the Commission, will conduct the conference. Please come to the third floor of the Commission's office and you will be directed to the appropriate Conference Room.

A finding of "substantial evidence" is not a finding of liability. Rather, it is a preliminary determination that there is substantial evidence that Respondent may have violated the Ordinance. → *YES!*

*Painter Hidden-1999 to 2000-16-2011. Hearing 9-11-2001 2021-→ it-2022. Violation. It 2025.*

*Painter 47-51.*

If no settlement agreement is reached at the Conciliation Conference, the Commission shall schedule an Administrative Hearing after which it shall rule on whether or not Respondent is liable under the Ordinance.

The Conciliator will attempt to help the parties secure an agreed-upon resolution of the complaint without litigation. While the Complainant and Respondent may each be represented by one person, who may but need not be an attorney, the personal attendance at the conference by all parties is required, as is the attendance of a person with authority to settle. Attendance of an attorney only is not sufficient. See Reg. 230.110. **If a party fails to attend the conference without good cause, the Commission may assess penalties against that party, including fining the absent party, dismissing the Complainant's Complaint and defaulting the Respondent. See Reg. 230.110.** Nothing that transpires during the course of a Conciliation Conference may be disclosed by the Commission or used as evidence in any Hearing. See Reg. 230.120. The good faith and cooperation of all parties to the complaint is necessary in order to dispose of this matter amicably.

A party who seeks a continuance must serve a written motion on all other parties and file it with the Commission as soon as the reasons for the continuance are known. Any motion filed less than three days prior to the date sought to be continued will be granted only if extraordinary circumstances are shown. See Reg. 270.130(b).

(____) For parties in which there is a parallel-filed case at the EEOC in which the EEOC deferred its work: the CCHR is sending the EEOC a copy of this order and the Investigative Summary. The EEOC may request the entire CCHR file. The EEOC shall determine whether it shall dismiss the case for lack of reasonable cause, conduct further investigation, find that there is reasonable cause of a violation, or take other steps as appropriate. The EEOC shall inform the parties of its decision in writing.

Further, the EEOC may send a representative to the Conciliation Conference described in this order. At the Conciliation Conference, the CCHR shall attempt to have the EEOC case covered by any agreement reached by the parties or to have the complainant withdraw his or her EEOC case.

By: CLARENCE N. WOOD, Chairman

for: CHICAGO COMMISSION ON HUMAN RELATIONS

SE-Find.Ord 3-01



Board of Ethics - case - 17042 - c, it 2019
OKAY!
A-32a  A-61.

it 2025
EEPA-Review
NO. OPPORTUN
FoR painteR
Job For me

City of Chicago
**COMMISSION ON HUMAN RELATIONS**
740 N. Sedgwick, 3rd Floor
Chicago, IL 60610
(312) 744-4111 [voice]
(312) 744-1081 [Facsimile] / (312) 744-1088 [TTY]

## INVESTIGATIVE SUMMARY

The attached Investigative Summary outlines the investigation which was done in the case(s) named on the first page of the Summary. This document is a summary of the investigation and not a verbatim account of each interview or each document received.

The "Determination" section reflects the decision of the Commission's Executive Compliance Staff — Commission senior staff which makes the decision about whether or not there is Substantial Evidence of an Ordinance Violation. The Determination may or may not reflect the recommendation of the Investigator.

Parties and/or their representative of record may review the investigative file by making a request to the Commission. The request must be made at least 48 hours before the requesting person wishes to review the file. Access to the investigative file is governed by Regulation 220.410.

Pursuant to Chicago Municipal Code §2-120-510(f), neither the Commission nor its staff shall disclose any information obtained in the course of its investigation. Therefore, the Commission provides this Investigative Summary only to the parties to the case or their representative of record.

If this case proceeds to an Administrative Hearing, the Commission shall not provide this Investigative Summary to the Administrative Hearing Officer. Regulation 220.310.

IS-Cover 2-01



EXHIBIT
E



## CITY OF CHICAGO
## COMMISSION ON HUMAN RELATIONS

### INVESTIGATION SUMMARY

Complainant(s): Zachary A. McGraw

Respondent(s): City of Chicago, Department of Aviation

Case No.: 99-E-27

Date: July 2001

Investigator: Norma J. Jackson

Supervisor: Sara J. Bales

1.  TYPE OF CASE: ( X )-Employment      ( )-Housing   ( )-Bonding
    ( )-Public Accommodation   ( )-Credit

2.  

| CLAIM | BASIS | DETERMINATION[1] |
|-------|-------|------------------|
| a. Denial of Transfer | Race | SE |
| b. Discharge | Race & Retaliation | NSE |

3.  TIMING

Date Complaint Filed: February 26, 1999
Date of Alleged Violation: January 26, 1999

Date of any Amended Complaint: May 22, 2000
Date of Violation Alleged in Amended Complaint: February 7, 2000

---

[1]
    NSE = No Substantial Evidence
    SE = Substantial Evidence
    NJ = No Jurisdiction (such as untimely)

Invstgn-Sum 2-01

(A-34.)

*Board of Ethics-case-17042-C.*

Case No. 99-E-27

## CLAIM A: Denial of Transfer / Race

*It 2020! why!*

### 4. COMPLAINANT'S ALLEGATIONS

Complainant alleges that from 1995 through 1998, Respondent denied him promotion to the position of Painter because of his race, African-American. Complainant was working for Respondent, the City of Chicago Department of Aviation, as a Custodial Worker. He alleges that he is a Journeyman Painter. He alleges that in 1997 and again on September 29, 1998, he was interviewed for the position of Painter in the Department of Aviation. Complainant asserts that he received a letter dated November 20, 1998, from Timothy J. McCarthy, Assistant Commissioner, in which he was informed that, once again, he was not selected for the position of Painter.

Complainant contends that on January 26, 1999, he filed a request through the Freedom of Information Act and received a list of people hired by the Department of Aviation in the position of Painter, in or about July 1997 and again in December 1998. The list showed six people hired as Painters, all Caucasian. Complainant believes that list supports his contention that he was not promoted in 1997 and 1998 by the Department of Aviation to the position of Painter because of his race.

### 5. RESPONDENT'S DEFENSE

Respondent acknowledges that it hired six Caucasian individuals for Painter positions in 1997 and 1998 as Complainant contends. Respondent states Complainant was part of a candidate pool of approximately 22 individuals who were considered for the position of Painter in September 1998. The pool included fourteen Caucasians, four African-Americans, three Hispanics and one individual whose race is unknown (due to insufficient records). Six individuals from this group, five Caucasian and one African-American, did not respond to Respondent's invitation to interview for the Painter position and therefore were given no more consideration.

Respondent acknowledges that it hired three new painters on December 16, 1998, all Caucasian. Respondent also acknowledges that one of them, Leonard Krawiek, was interviewed and rated in the same pool of candidates as Complainant. Respondent contends that Complainant was not interviewed or evaluated in the same candidate pool that resulted in the selection of the other two individuals, Josephine Crosse and Barbara Steele.

Respondent contends that it makes its hiring decisions for Painters based on who is the best qualified, and that Complainant was found not to be as well-qualified as the other applicants who were selected.

2

*Board of Ethics-case-17042-C*

*IT 2020! why!*

Case No: 99-E-27

6. **BACKGROUND AND UNCONTESTED PERTINENT FACTS**

A. Background

The Department of Aviation is the City of Chicago agency with responsibility to provide and administer aviation services within in the City of Chicago.

B. Uncontested Pertinent Facts

1. Complainant is African-American.

2. Complainant began his employment for the City of Chicago Department of Aviation in 1995, as a Custodial Worker.

3. Complainant applied for the position of Painter in the Department of Aviation on April 16, 1997. He was interviewed on May 27, 1997, but was not selected.

4. On August 13, 1997, Timothy J. McCarthy, Assistant Commissioner, replied to Complainant's letter of June 11, 1997, telling Complainant that the Department is allowed to interview candidates and make selections based on who are the most qualified applicants. McCarthy's letter stated that Complainant was on the eligibility list for painters until August 4, 1997, and Complainant could reapply for future consideration.

5. Complainant applied again for the position of Painter on September 15, 1998. Maura Keane of the Department of Personnel determined Complainant to be qualified for the Painter position on September 29, 1998.

6. John Ochal (Caucasian), General Superintendent of Utility Systems, interviewed the applicants for Painter positions in the Department of Aviation. Ochal then scored all applicants interviewed and recommended which should be hired.

7. John Ochal interviewed Complainant for a Painter position on November 20, 1998. Ochal gave Complainant a Final Rating of 2 out of a possible 5.

8. Ochal then made a recommendation for hire and did not recommend Complainant. The recommendation was accepted by Timothy McCarthy (Caucasian), Assistant Commissioner, Department of Aviation.

9. Timothy J. McCarthy wrote a letter to Complainant dated November 20, 1998, informing him that he was not selected for a Painter position and that his name would be returned to the Painter's eligible list.

3

Board of Ethics - Case 17042-C

1/2020! why!

Case No. 99-E-27

10.     Six persons were hired for the position of painter in the Department of Aviation in 1997 and 1998. All six are Caucasian.

C. Procedural Issue

Any rejections of Complainant for Painter positions which occurred in 1995, 1996 and 1997 (that is, more than 180 days prior to the filing of the Complaint on February 26, 1999), are outside the Commission's jurisdiction and are described for background purposes only. Investigation of Complainant's denial of promotion claim will focus on events commencing on with Complainant's re-application for a Painter position on September 25, 1998.

7       SUMMARY OF PARTY AND WITNESS STATEMENTS

A.      Complainant: Zachary A. McGraw

        Title or Position: Applicant for Painter Position

        Other Relevant Characteristic: African-American

        Statement Provided: See Position Statement above and: Complainant explained that he had made a long term effort to become a Painter at the Department of Aviation. Complainant stated that he is a graduate of Washburne Trade School with a certificate in Painting and Decorating awarded July 18, 1980, and that he has held two professional jobs as a painter for more than ten years total. Complainant contends that Respondent hired less qualified Caucasian persons over him as Painter each year that he applied for a Painter vacancy.

Complainant said that in 1997 Timothy McCarthy (Caucasian), Assistant Commissioner, informed him that he was not selected for the position of Painter because he was not a member of the painter's local union. Therefore, Complainant joined the painter's union, Local 14. Complainant says that, in hope of landing a Painter position, he paid union dues for approximately one year. He says that although McCarthy's suggestion did not make logical sense to him, at that point he was trying to eliminate any excuse or reason Respondent presented not to promote (hire) him to a Painter position. Complainant stated that the financial strain of $241 per month dues was unmanageable, forcing termination of his union membership. Complainant states that he later learned that, had he been selected for the Painter position, he could have joined the union at that time. He also learned that none of the persons Respondent hired were union members until after their hire date.

Complainant states that in June 1997, he wrote letters to Mayor Daley and Commissioner Mary Rose Loney of the Department of Aviation out of desperation about what he saw as unfair employment practices against him. He explained that he was continuously denied a Painter position and

4

Case No: 99-E-27

requested their assistance and explanation. On August 13, 1997, Complainant received an undated letter from McCarthy informing him that he understood Complainant was disappointed because he did not get the Painter position. The letter stated that Complainant could reapply and be considered in the future by any Department. Complainant says McCarthy was responding to his June 11, 1997, letter to the Mayor. At that point, Complainant had been on the eligibility list for Painters until August 4, 1997.

Complainant states that in September 1998, he again applied for a Painter position within the City of Chicago Department of Aviation. Complainant states that he was interviewed by John Ochal (Caucasian). He claims this was possibly his fourth or fifth interview for a Painter position in City government. According to Complainant, the interview was job-related and positive. He thought he would certainly be offered the position this time. However, on or about November 20, 1998, Complainant was notified, in a letter from Timothy McCarthy, that again he was not selected.

Complainant states that Respondent's actions toward him were motivated by factors of race and/or retaliation for having complained about the hiring practices for Painters. Complainant says that Timothy McCarthy also was an active participant in at least two prior decisions not to hire him as a Painter.

Complainant states he learned in information he obtained under the Freedom of Information Act, covering the period from January 1989 through December, 1998, that over 100 persons were hired as Painters in various departments of City government. Of those individuals hired, none were African-American. Complainant says that in 1997, Respondent hired three persons who are Caucasian to be Painters within the Department of Aviation. Again in 1998, Respondent hired persons in the Painter position, all Caucasian.

B.    Respondent or Respondent Representative: Timothy McCarthy

      Title or Position: Assistant Commissioner, Department of Aviation

      Other Relevant Characteristic: Caucasian

      Statement Provided: See Position Statement above and: McCarthy has no recollection of having told Complainant that he needed to join a painter's union in order to be considered for a Painter position. He says that decisions to hire or not hire are based upon facts, not emotions. He states that selections are based upon the review and recommendations of the General Superintendent, John Oshal. He states that only the most qualified applicant is selected.

*A-38* *A-67* → Board of Ethics case 17042-C

*IT 2020 ! Why!*

Case No. 99-E-27

C.      Respondent or Respondent Representative: <u>John Ochal</u>

Title or Position: <u>General Superintendent of Utility Systems</u>

Other Relevant Characteristic: <u>Caucasian</u>

Statement Provided: See Position Statement above and: Ochal states that, as an interviewer for the Departments of Aviation and General Services, he conducts hundreds of interviews in the course of any given month. He says that a particular candidate may be interviewed two, three or even more times. Ochal has no recollection or knowledge of who Complainant is.

Ochal states that interviews are structured and evaluated based on written guidelines. As a matter of practice, the same criteria are equally applied across the board. The best qualified applicant is recommended to be selected for the job. The recommendation then goes to the hiring authority to be accepted or rejected. Just because Personnel Department staff finds an individual qualified for a particular job on paper, that does not require or mean that Ochal will also find the individual the best qualified to do the job. However, nothing is significant to Ochal regarding why he evaluated Complainant as less qualified than others after he interviewed him.

8.      <u>SUMMARY OF RELEVANT DOCUMENTATION</u> *[This may not list every document submitted but it lists those the Commission found significant to its determination.]*

1.      <u>Verified Response and Response to Request for Documents and Information</u>

2.      <u>Job Description, Painter</u>. The job description for a painter, dated November 1987 and denominated Code 4634, lists the following "Desirable Minimum Qualifications":

Training and Experience: Completion of an approved apprentice training program in painting supplemented by experience as a journeyman is required.

Knowledge, Abilities and Skill: Knowledge of painting techniques and methods. Knowledge of painting tools, equipment and materials and their proper application.

Ability to do work on ladders and scaffolds. Physical ability to lift and move painting equipment. Ability to perform skilled painting work. Ability to operate truck mounted spray units or gravity machine equipment.

Considerable skill in mixing paint for appropriate consistency and color. Skill in the use of painting tools and materials.

6

Case No. 99-E-27

3. **Examination Announcement for Painter.** City of Chicago Department of Personnel announcement denominated "88/4634/C/91101 (Reissued 3/30/98-4/13/98). Under the heading "Minimum Qualifications" it states: "Completion of an approved apprentice training program in painting with journeyman status is required." The document states that certificates and resumes must be submitted at the time of application. It also states: "Your initial evaluation will be based on information provided on the application form and documents submitted with the application form. Names of candidates who pass this examination will be placed on an eligible list. Placement on an eligible list is not an offer or guarantee of employment with the City of Chicago, it is merely a statement of eligibility."

4. **Career Service Referral List and Employment Decision Form.** Department of Personnel Document referencing Exam No. 91001 and the job title of Painter, also referencing that it was sent to the Department of Aviation on September 10, 1998, and that one position was requested by Aviation (Request No. 4634001698). The names of Leonard Krawiec and Complainant appear on the three-page list, which contains 22 total names. Interview times for September 29 were noted next to some names, including Complainant and Krawiec.

5. **Four Applications for Painter.** Respondent provided the written application materials for the three candidates hired as Painters in the Department of Aviation on December 16, 1998, as well as Complainant's application. See Comparative Data below for additional details.

   a. **Complainant (African-American):** The application is dated September 25, 1998. It is stamped "City Employee." There is an accompanying resume as well as copies of diplomas reflecting completion of "the prescribed course of study for Painting and Decorating" at Washburne Trade School (Chicago Public Schools) on July 18, 1980.

   b. **Leonard Krawiec (White):** Application is dated August 26, 1998. It is stamped "Re-Application." Work experience is entered on the application form, and there is no accompanying resume. An accompanying letter dated August 21, 1998 indicates that his second year of eligibility for the "open and continuous examination" of Painter expired on August 26, 1998, and describes the procedure to re-file. There was an earlier application dated July 31, 1996, accompanied by a resume and a copy of Krawiec's union membership card for Painters' District Council No. 14.

   c. **Josephine Crosse (White):** Application is dated September 8, 1998. Work Experience is entered on the application form and there is an accompanying resume. An accompanying letter dated August 21, 1998 indicates that her second year of eligibility for the "open and continuous examination" of Painter expired on August 26, 1998, and describes the procedure to re-file. There was an earlier application dated August 2, 1996, accompanied by a resume and other supporting documents as well as Crosse's union membership card for Painters' District Council No. 14.

7

*A-400*

*A-69*

*Board of Ethics-case-17042-Cm*

*it 2020 why!*

Case No. 99-E-27

d. Barbara Steele (White): The application is neither signed nor dated. A note on the signature line states "See enclose." [sic.] The document records that the application was scored and Steele was found "qualified" on October 6, 1998. Education information is entered but there are no entries in the Work Experience section of the form and there is no accompanying resume. There is an accompanying copy of Steele's union membership card for Painters' District Council No. 14.

6. Hiring Criteria Rating Forms. Respondent provided the Hiring Criteria Rating forms for the three candidates hired as Painters in the Department of Aviation on December 16, 1998, as well as Complainant's form and the forms for 13 additional applicants who were rated with Complainant and Leonard Krawiec but not hired.

    a. Hiring Criteria: The forms state the following hiring criteria for a Painter:
        1. Previous job experience.
        2. Written communication skills sufficient to complete daily logs.

    b. Weights and Rating Scale: Each of the above criteria was given a weight of 2. The rating scale was as follows: 1=far below requirements, 2=slightly below requirements, 3=meets requirements, 4=slightly above requirements, 5=far above requirements.

    c. Ratings: Each form was signed by John Ochal as the rater. No form showed any comments by Ochal, although there were Comment lines on the form.

        1. Complainant received a rating of 2 on each criterion, for a Final Rating of 2.

        2. Each of the three applicants hired on December 16, 1998 (Krawiec, Crosse, and Steele) received a rating of 4 on each criterion, for a Final Rating of 4.

        3. Of the remaining 17 forms, eight applicants received a rating of 3 for each for the two criteria, for a Final Rating of 3; and five applicants received a rating of 2 for each of the two criteria, for a Final Rating of 2.

7. List of Painters in the Department of Aviation as of May 8, 2001, with race and hire dates. The list, entitled "EEOC Employee Listing as of 5/8/01, Title Code: 4634," shows that, as of May 8, 2001, 30 painters were employed in the Department of Aviation. Of those, 8 or 27% were African-American, 1 or 3% was Hispanic, and 21 or 70% were Caucasian. The list includes the names of Leonard Krawiec, Josephine Crosse-Sakota, and Barbara Steele, all with hire dates of December 16, 1998. It also shows that Michele Bibbiano (White) was hired on November 16, 1998. See Comparative Data below for additional details.

A-9b  A-70a  Board of Ethics-case-17042-c

I.f 2020 why

Case No.: 99-E-27

8. **Application Correspondence.** On September 15, 1998, Respondent issued a form notice to Complainant that his name had been reached on the Eligible List for Painter and that there was a vacancy in the Department of Aviation for which he was being considered. On November 20, 1998, Respondent issued a letter informing Complainant that he was not selected for the position of Painter and that his name would be returned to the Department of Personnel's Eligible List. Other applicants considered at that time but not hired received comparable correspondence, all dated September 15 and November 20, respectively. Leonard Krawiec received a letter dated November 20 asking him to contact Respondent to confirm his interest in employment and to learn of employment procedures. Respondent did not provide comparable documents for Josephine Crosse or Barbara Steele.

9. **Documentation of Complainant's Prior Efforts.** Complainant submitted documents showing that he had made previous unsuccessful efforts to become a Painter. Included are:

   a. Letter from the Department of Personnel dated August 4, 1995, notifying Complainant that he was on the Painter eligibility list.

   b. Receipt, union card, and "To Whom It May Concern" letter showing Complainant's membership in the International Brotherhood of Painters and Allied Trades, AFL-CIO (Painters' District Council No. 14 and Painters Local Union #180) from approximately August 1995.

   c. Withdrawal Card certifying Complainant's withdrawal from the National Brotherhood of Painters and Allied Trades on January 31, 1997.

   d. Notice of consideration for a Painter vacancy in the Department of Aviation, dated April 16, 1997, and notice dated June 4, 1997, that Complainant was not selected.

   e. Letters dated June 11, 1997, to Mary Rose Loney, Aviation Commissioner, and Richard M. Daley, Mayor, complaining about not being hired as a Painter for the Department of Aviation (and other City Departments).

   f. Letter from Timothy McCarthy, Assistant Commissioner, to Complainant, undated but with Complainant's notation of August 13, 1997. McCarthy responds to Complainant's letter of June 11, 1997, and states in part:

      > When a department posts a bid announcement for a permanent vacancy for a title that is represented by a Union, the bidding privileges are only for that Union's bargaining unit employees. Therefore, the Deaprtment of Aviation bid announcements on 7/18/96 and 1/30/97 were for members of that bargaining unit only....In some cases when a department does not receive any

9

Boardof Ethics - Case 17042-C

if 2020 why!

Case No. 99-E-27

qualified bids from bargaining unit employees, the department can request an eligibility listing of candidates for a position from the Department of Personnel. This eligibility list is made up of any candidate who is outside the bargaining unit, who has applied for a position (which you have done). Applications are scored and they are then placed on this list. The Department is then allowed to interview candidates and make selections on the most qualified applicants.

g. Bid Announcements for Painter from the Department of General Services, listing an application period of June 16-July 1 1998, and from the Department of Water with submission deadline of September 24, 1998. The Department of Water announcement bears the typewritten notation: "Be advised that only current City employees represented by Painters District Council 14 may bid on these positions."

10. Response to Complainant's FOIA Request. In response to Complainant's request under the Freedom of Information Act, the City of Chicago Department of Personnel provided a list of Painters hired by City departments between January 1989 and December 1998, focused on the departments where Complainant had been considered for a position. The response documents submitted by Complainant did not identify the race of the persons hired.

10. SUMMARY OF COMPARATIVE DATA, INCLUDING STATISTICS

A. Department of Aviation Painters employed on May 8, 2001. Of 30 Painters, 8 or 27% African-American, 1 or 3% Hispanic, and 21 or 70% Caucasian. The list is arranged in order of hiring.

| Name | Race | Hire Date |
|---|---|---|
| Eugene Kraus | Caucasian | 06-16-74 |
| Charles Danner | African-American | 05-18-75 |
| Anthony Cummins | Caucasian | 04-02-79 |
| Edward Hefner | Caucasian | 04-10-79 |
| Julius McCoy | African-American | 05-21-80 |
| Edward Alexander | African-American | 11-16-84 |
| Leon Richardson | African-American | 06-10-85 |
| Roy Hayes Jr. | African-American | 09-19-87 |
| Louis Lencki III | Caucasian | 10-16-87 |

10

*It 2020 Why!*

Case No. 99-E-27

| Name | Race | Hire Date |
|---|---|---|
| Arnell Scott | African-American | 07-18-88 |
| Arnold Cobi | Caucasian | 03-01-89 |
| Carlo Napolitano | Caucasian | 07-01-90 |
| Konstantinos Ress | Caucasian | 07-02-90 |
| Scott Sutcliffe | Caucasian | 07-13-90 |
| Robert Weiss | Caucasian | 09-07-90 |
| Manuel Villegas | Hispanic | 09-30-90 |
| Anthony Tummillo | Caucasian | 11-16-90 |
| Joseph Brown | African-American | 11-16-90 |
| Joseph Ustasiewski | Caucasian | 12-02-91 |
| Michael Gannon | Caucasian | 05-23-93 |
| Joseph Gabellini | Caucasian | 12-01-94 |
| Steven Venturini | Caucasian | 07-01-97 |
| Richard Egan | Caucasian | 07-01-97 |
| Mary Moreland | Caucasian | 7-01-97 |
| Michele Bibbiano | Caucasian | 11-16-98 |
| Josephine Crosse-Sakota | Caucasian | 12-16-98 |
| Barbara Steele | Caucasian | 12-16-98 |
| Leonard Krawiec | Caucasian | 12-16-98 |
| Arthur Landini | Caucasian | 08-01-99 |
| Theodore Jackson | African-American | 08-02-99 |

*Not Me. → Sorry.*

*I Was Right All The Time, it 2021 to 2022. it 2023.*

Case No. 99-B-27

B. Application Information for Complainant and Painters hired as of December 16, 1998:

| Name | Race | Education | Experience |
|---|---|---|---|
| Complainant | A A | High School Graduate-1974<br><br>Washburne Trade School Diploma in Painting & Decorating-1980 | Painting Apprentice, Ebert Painting Co., 5 ½ years.<br>Painter, Levy Painting Co., 2 ½ years.<br>Painter, Stacy Burgess Gen. Contr., 8 ¼ years.<br>Freelance painting and decorating, no time given.<br>Custodian, Dept. of Aviation, since December 1995 |
| Leonard R. Krawiec | C | High School Graduate-1953 | Truck driver, 27 ½ years.<br>Painter, Golub & Co., 3 years.<br>Painter, EnBee Painter, 4 years.<br>Building Maintenance, Lakeside, 2 years.<br>Painter, "Private Contractor," 2 years. |
| Josephine T. Crosse | C. | High School Graduate-1978<br><br>30 college credits (semester)<br><br>Trade school courses in silk screen printing, spray painting, & computer design | Volunteer stage designer & painter, 4 years.<br>Antique restoration & gilding, including spraying of frames, mixing custom colors, color matching, distressing & other custom finishes, 8-9 years.<br>Habilitation aide & building manager, 1-2 years. |
| Barbara E. Steele | C | High School Graduate-1986<br><br>"J.A.T.C." 1995 - 1998<br>no courses or degree/certification stated | Application lists no job experience. Attached is a copy of a membership card in Painters' District Council No. 14, Chicago & Cook County Building & Construction Trades Council, showing membership for July, August, & September 1998. |

Key:   AA = African-American, C = Caucasian

12

Case No: 99-E-27

C. Ratings of applicants rated for a Painter position between September 15 & November 20, 1998.

| Name | Race | Job Experience Rating | Written Communication Rating | Final Rating[1] | Selected |
|---|---|---|---|---|---|
| Leonard R. Krawiec | Caucasian | 4 | 4 | 4 | Yes |
| Josephine T. Crosse | Caucasian | 4 | 4 | 4 | Yes |
| Barbara E. Steele | Caucasian | 4 | 4 | 4 | Yes |
| Complainant | African-American | 2 | 2 | 2 | No |
| Albert Blanton | Caucasian | 2 | 2 | 2 | No |
| Vincent Fus | Caucasian | 2 | 2 | 2 | No |
| John Zoepfel | Caucasian | 2 | 2 | 2 | No |
| Roger Nichelsen | Caucasian | 2 | 2 | 2 | No |
| Theodore Jackson | African-American | 2 | 2 | 2 | No |
| Joseph Villegas | Hispanic | 3 | 3 | 3 | No |
| Joseph Smith | Caucasian | 3 | 3 | 3 | No |
| Louis Mitchell | Caucasian | 3 | 3 | 3 | No |
| John Melendez | Caucasian | 3 | 3 | 3 | No |
| Brett Koss | Caucasian | 3 | 3 | 3 | No |
| Tom Kolodziejski | Caucasian | 3 | 3 | 3 | No |
| Michael Mathis | Caucasian | 3 | 3 | 3 | No |
| Camelo LaGioia | Caucasian | 3 | 3 | 3 | No |

[1] Rating Scale: 1= Far below requirement, 2= Slightly below requirement, 3=Meets requirement, 4= Slightly above requirement, 5=Far above requirement. Each of the two criteria rated (Job Experience and Written Communication Skills) had a weight of 2, that is, each criterion was given equal weight.

13

Case No. 99-E-27

10.    DETERMINATION

(_X_) Substantial Evidence.

Complainant alleges that he was not hired as a Painter by Respondent because of his race, African-American. Respondent contends that Complainant was not the best-qualified for the position and that race was not a factor in the selection process for Painters.

The job description for a Painter requires completion of an approved apprentice training program in painting supplemented by experience as a journeyman. It also details several additional "desirable minimum qualifications," including:

- Knowledge of painting techniques and methods.
- Knowledge of painting tools, equipment and materials and their proper application.
- Ability to do work on ladders and scaffolds.
- Physical ability to lift and move painting equipment.
- Ability to perform skilled painting work.
- Ability to operate truck mounted spray units or gravity machine equipment.
- Considerable skill in mixing paint for appropriate consistency and color.
- Skill in the use of painting tools and materials.

Respondent's Hiring Criteria Rating Form, on the other hand, showed that it rated on the basis of only two criteria:

- Previous job experience.
- Written communication skills sufficient to complete daily logs.

The first rating criterion is vague and not even focused on the specific knowledge and skills sought in a Painter as detailed in the job description. The second rating criterion is nowhere mentioned in the job description and appears to be of minimal significance to successful performance as a Painter, even though it is weighted to form half the basis for the Final Rating.

Neither of the two officials responsible for selecting Painters could articulate any more specific hiring standards which they utilized in evaluating Painter candidates, beyond choosing the "most qualified" candidate and deciding based on "facts" rather than emotions. Neither could state why Complainant was rated at the 2 level and subsequently not selected for a Painter position. Respondent was unable to supply any additional documentation explaining why it decided to give a ratings of 4 and then offer employment to the three Caucasian individuals hired on December 16, 1998. Not one of the Hiring Criteria Rating Forms for the three who were hired, or for the other 13 who were rejected, contained any notations explaining how the candidates were distinguished from one another in the evaluation process. None of the Hiring Criteria Rating Forms even gives a different numerical rating to a candidate for each of the stated hiring criteria.

14

Case No. 99-E-27

Review of Complainant's written application, in comparison to the written applications of the three candidates who were selected, does not provide any explanation why Complainant received a much lower rating. Complainant presented his diploma in Painting and Decorating from Washburne Trade School and was the only candidate who clearly documented that he had formal training in the type of painting work likely to be done at the Department of Aviation (consistent with the stated requirement in the job description). He also claimed 15 ½ years of painting experience as well as some free-lance experience. Candidate Krawiec, who was part of the same interview round as Complainant, had a number of years of job experience as a truck driver but claimed only nine years of painting experience (plus two years of building maintenance experience). Candidate Crosse claimed up to 13 years of experience in the art, theater, and antiques arenas as well as some trade school study, but her painting experience did not appear to have been full time nor did her experience appear clearly related to the stated duties and qualifications of a Painter at the Department of Aviation. Candidate Steele's application material, as submitted by Respondent, mentioned what may be a technical school ("J.A.T.C.") but with no details as to the program of study or diploma received. Moreover, it stated no work experience at all but merely included a copy of a current painters' union card. From this information it would appear that Complainant had more job-related experience than any of the three Caucasian candidates selected; it is not at all obvious that any of the other three were more qualified.

In short, Complainant has established that he is African-American, that he applied for a Painter position in September 1998 and was found qualified; and that at least three Caucasian individuals were hired while his application was pending who do not appear to be as well-qualified as he is. Respondents have failed to articulate and provide evidentiary support for any legitimate, non-discriminatory reason for selecting any of the three Caucasian candidates rather than Complainant.

The investigation also revealed that, as of May 2001, 70% of Respondent's Painters were Caucasian. Moreover, none of the current Painters whom Respondent had hired between 1991 and the end of 1998 were African-American, suggesting that all Painters hired during almost a decade were Caucasian. Respondent acknowledged that all of the six Painters it hired in 1997 and 1998 were Caucasian.

For these reasons, the Commission finds substantial evidence of discrimination on the basis of race.

15



*[Handwritten annotations: "For PUBLIC ✓1t 2025. NO REPLY.", "(A-48) IT 2020!", "(A-?)", "IT 2025.", "LEFT Behind.", "IT 2025.", "Married Why?", "ALL Depts. → HIDDEN-TRUTH!", "IT 2020!", "Mislead. YES Caught. IT 2025. 26) years.", "Violation. ALL This Time.", "Mislead. Honor", "Left Behind victims.", "IT 2022. Sufferings abuse Hiding in 2002. FALSIFYING STATEMENT IN 2007, IN 2012. Caught."]*

Zachary A. McGraw
Case Number: 1:01-cv-09575
Title: McGraw v. City of Chgo. Dept. of Aviation

To: Honorable Judge Ruben Castillo

I, Zachary A. McGraw, have considered the offer extended to me by the Honorable Judge Castillo, also, the recommendations of my attorney. However, I must humbly decline to accept the offer.

My heart and my spirit cries out for closure and justice in this case. As I behold the continued suffering of myself and my family since 1997. My children have been hindered from attending college, and we lost our beloved home as a result of this bias situation with the city. As I acquire more information and advice, I know I deserve more.

I am a man who loves and provides for his family just like any other real man does. And for someone to deliberately hinder and take away an opportunity from me to prosper because of the color of my skin is a violation of my civil rights.

Again, I humbly ask this court for justice under the law. He that ruleth over men must be just, ruling in the fear of God.

I believe this is a modest request compared to the sufferings of myself and my family. However, If an agreement can't be reached, I humbly ask again, as I did in the beginning of this case in Federal court for a jury trial. I am a law abiding citizen of this great city Chicago.

1. Painters Job

2. $50,000

3. Attorney Fee

4. Seniority

Moreover, I humbly ask this court for justice.

Sincerely

Zachary McGraw Jr.

Zachary A. McGraw Jr.

"OFFICIAL SEAL"
ANITA D. SMITH-ARGUELLO
Notary Public, State of Illinois
My Commission Expires Sept. 23, 2003

7/23/02





UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

ZACHARY A. McGRAW, Jr.

Plaintiff,

v.

CITY OF CHICAGO,
DEPT. OF AVIATION,

Defendant.

No. 01 C 9575

Magistrate Judge Nolan

SETTLEMENT AGREEMENT AND GENERAL RELEASE

Zachary A. McGraw, Jr. ("plaintiff"), by his attorneys, the law offices of David C. bollander, and the City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, stipulate and agree as follows:

1. On February 17, 1999, plaintiff, a former employee of the City's Department of Aviation, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination. The charge received No. 210991570. On September 28, 2001, the EEOC issued a Right to Sue letter with respect to the charge.

2. On or about February 16, 2000, plaintiff filed another charge of discrimination with the EEOC alleging retaliation against him for previously filing a charge of discrimination. This charge received No. 210A01805. On September 28, 2001, the EEOC issued a right-to-sue letter to plaintiff with respect to the charge.

3. On or about February 26, 1999, plaintiff filed Charge No. 99 E 27 with the City of

*Looks FEPA Review* A 100 A 52 A

*it 2020, why!*
*it 2025.*

*most Qualified Painter*

*it 2025.*

Chicago Commission on Human Relations ("CCHR") alleging race discrimination. On or about May 22, 2000, plaintiff filed an amended charge with the CCHR alleging retaliation for filing his earlier charge. On March 28, 2002, the CCHR dismissed Case No. 99-E-27.

4. On or about December 14, 2001, plaintiff filed this complaint in Federal Court, Case No. 01 C 9575, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 and 42 U.S.C. §1983.

5. On or about June 7, 2002, plaintiff filed an amended complaint in Case No. 01 C 9575, alleging race discrimination and retaliation. *it 2025.*

*it 2022, Hidden 1999-2000-20 it 2020! Why!*

6. Previously, on or about March 1998, plaintiff filed a complaint in Federal Court, Case No. 98 C 1282, alleging race discrimination. He had also filed an EEOC Charge (No. 210970777) with respect to those allegations. *FEPA-Review Not-True in 2002. Hidden, caught*

*it 2018 Okay! why lie and Do Fraud Pressuring Cheating Lekowgdoi'n in Not good Faith covely caught 2005, 2006 2007, it 2018 Why!*

7. This Settlement Agreement constitutes the good faith settlement of all disputed claims, and the City specifically disclaims any liability to or unlawful conduct against plaintiff on the part of itself or its representatives, attorneys, officers, agents, and employees. The City has entered into this Settlement Agreement with plaintiff for the sole purpose of avoiding the burden, expense, delay and uncertainties of litigation. The City and plaintiff desire to settle any and all of plaintiff's claims arising either directly or indirectly out of plaintiff's employment with the City and any claims of any kind whatsoever regarding that employment, up to and including the effective date of this Settlement Agreement.

8. The settlement of these claims is not and shall not be construed as an admission of liability or wrongdoing on the part of the City, or of any of its officers, agents, representatives, attorneys or employees. Plaintiff and the City agree that the settlement of these claims shall have precedential value of any type whatsoever, shall apply only to the matters referred to herein, and

*for my painter Job*

neither this settlement, nor any of the terms thereof, shall be offered or received as evidence in any court or administrative action or proceeding as an indication of wrongdoing by the City or of the City's legal position. Nothing herein shall prohibit the use of this Settlement Agreement necessary to obtain enforcement of its terms.

9. In exchange for and in consideration of the settlement provided for herein, plaintiff hereby releases, waives and forever discharges the City, and its officers, agents, attorneys, representatives and employees, from any and all claims, grievances and causes of action, in law, equity or in any other forum whatsoever, which plaintiff now has or ever had against the City, its officers, agents, attorneys, representatives or employees, whether known or unknown, suspected or unsuspected at the present time, or which plaintiff's heirs, executors or administrators hereafter can, shall or may have, directly or indirectly arising out of or relating to plaintiff's employment with the City, up to and including the effective date of this Settlement Agreement. The City hereby releases plaintiff from any claims that would qualify as compulsory counterclaims under Rule 13 of the Federal Rules of Civil Procedure.

10. Plaintiff acknowledges that, with the assistance of counsel, he has read and understands the provisions contained in this Settlement Agreement and is satisfied with its terms and substance. Further, plaintiff understands and agrees that this Settlement Agreement is a final and total settlement of all claims to date, arising either directly or indirectly out of his employment relationship with the City and all actions relating to that employment, up to and including the effective date of this Settlement Agreement, including claims for attorneys' fees, expenses and costs which plaintiff and/or his attorneys may have incurred in connection with any of plaintiff's EEOC charges, CCHR charge, this litigation, any prior litigation and any internal investigations conducted by the City and that such finality is applicable to the City, and all of its officers, agents,

3

representatives and employees, in their individual and official capacities. Plaintiff further states
that he voluntarily enters into this Settlement Agreement and that none of the City's agents,
attorneys, employees or representatives made any representations concerning the terms or effects
of this Settlement Agreement, other than those terms contained herein.

11.     In exchange for and in consideration of the promises of plaintiff contained in this
Settlement Agreement, the City agrees to pay plaintiff and his attorneys the sum of Twenty-Seven
Thousand Dollars ($27,000.00), to be allocated as follows: 1) Twenty-Six Thousand ($26,000.00)
to plaintiff, Zachary McGraw, as damages and not as back pay or benefits; and 2) One Thousand
Dollars ($1,000.00) to the Law Office of David C. Thollander, in attorneys' fees and costs. The
aforesaid settlement amounts shall be paid by the City in two separate checks or drafts made
payable to Zachary A. McGraw and David C. Thollander, respectively, within sixty (60) days
after plaintiff and his counsel have complied with their obligations enumerated in paragraph 16
of this Settlement Agreement, or within sixty (60) days after the effective date of this Settlement
Agreement, whichever date is later.

12.     Plaintiff agrees to assume complete responsibility for, and to pay in full when due,
all taxes (including claims, demands, assessments, deficiencies, interest penalties, judgments,
costs, expenses, withholding amounts and deposits with respect thereto, and other governmental
charges connected therewith) which are or may become due and payable in connection with the
payment of the consideration provided herein in paragraph 11, whether imposed upon him or the
City. Plaintiff agrees to indemnify and hold the City harmless from and against any liability for
such taxes.

13.     In further consideration of this settlement, plaintiff agrees to obtain an order

4

dismissing with prejudice and without right to refile Federal Case No. 01 C 9575.

14. Plaintiff, individually and on behalf of all attorneys he may have retained in connection with this action or any events related to this action, represents that no attorneys, including the attorneys of the Law Office of David C. Thollander and/or Wyvonnia Ford Bridgeforth, have any claims for fees, costs or expenses with regard to the events giving rise to any of the matters referenced herein. To the extent any such claims exist, plaintiff agrees to incur any and all attorneys' fees and costs, and to indemnify and hold the City harmless for any such claims made against the City.

15. The parties to this agreement each shall bear their own attorneys' fees, costs expenses.

16. Plaintiff agrees and understands that the City will not be obligated to comply with obligations under this Settlement Agreement until plaintiff or his attorneys submit to the attorneys for the City in this action a copy of the order dismissing this action with prejudice and without right to refile. In addition, plaintiff agrees and understands that the City will not be obligated to comply with its obligations under this Settlement Agreement until plaintiff submits a copy of a letter signed by him and his attorney to the Equal Employment Opportunity Commission stating that plaintiff has settled all matters in dispute with the City, in matters that were the subject of EEOC Charge Nos. 210991570, 210A01805 and 210970777 and his action and that he withdraws such charges.

17. This Settlement Agreement contains the entire agreement of the parties.

5



Board of Ethics case # 7042–

18. The effective date of this Settlement Agreement shall be the date of the latest it 2020

signature below
IN 2002. misleading
Hidden, Lying. Why
Void Settlement

Re-signed. 2021.
MARA S. GEORGES
Corporation Counsel of the City of Chicago

why?
it 202

Fraud Agreement.
PERJURY They Knew.
Lying counsel
Finding 2001
9-11.
and 2002.
Lying To court
and Judges.
Lying ALL The Times.

By: Valerie Depies Harper
NADINE ABRAHAMS
Senior Counsel
VALERIE DEPIES HARPER
Assistant Corporation Counsel
30 N. LaSalle Street, Ste. 1020
Chicago, Illinois 60602
(312) 744-4746
Dated: 9-13-02

meeting with
The Judge
Hidden-Truth
1999-2000-200
2004.
misleading.
E.E.O.C. and
Cheif Federal
Judge court.
Hidden-information
deception.
From-9-11-2004.
Finding Hearing.

By: Zachary A. McGraw Sr.
Plaintiff, ZACHARY A. MCGRAW, JR.
S. S. #
Dated: 9-9-02

Hidden
1999-2000
2001-2004
47-51 painters.
breach.
it 2022.
IN 2002 it 2022.
it 2025.

By: DAVID C. THOLLANDER
THE LAW OFFICE OF
DAVID C. THOLLANDER
Dated: 9-10-02

This is What city chicago
MISS. Truth To their people
OF Chicago. AN OPPORTUNITY
FOR painter FOR Their Family
YES.
Petitioner
ADA-Disabil Zachary A McGraw
FoR Mental Health



*(handwritten annotations across top:)* Caught 2017. The Board of Ethics case. 17042-C. EX-hibit A. To The Board. No. Report. Never Addressed it 2024. it-2020-2021-to 2022. YES - Veracity. Also Now ALL Depts. caught. it 2005 it 2023. Never-Addressed. caught it 2025-YES.

**CITY OF CHICAGO** *(seal)* INCORPORATED 4th MARCH 1837

A-57

2017 Caught. No. Report. To The Board case 17042-C. To city council. H 2024.

They Knew. Looks

## DEPARTMENT OF AVIATION

# MEMORANDUM

*(handwritten:)* ToGeTher-AMERICA-STRONG-The-Appearance of-impropiety. ALL Depts. City of Chicago oF-WRONGdoing. OF-ORDINANCE Sec. 2-160.010.

**TO:** ALL DEPARTMENT OF AVIATION EMPLOYEES *(handwritten:)* it 2025. IF you see something TELL PreJudicial-hinder.

**FROM:** *(signature)* ALBERT CLARK, JR. CHIEF DEPUTY OPERATING COMMISSIONER *(handwritten:)* 2012 Caught OIG OFFICE NEVER-Addressed. 2007 2009 2021.

**DATE:** MAY 9, 1997 *(handwritten:)* the Possible breach of a commitment. Public Trust-Veracity

**SUBJECT:** PROPER CONDUCT IN THE WORKPLACE *(handwritten:)* caught it 2024. INSPECTOR-General.→ 2007 Got caught. it 2025.

*(handwritten left margin:)* NO Painter JoB Promotions. YES

*(handwritten right margin:)* caught And-2012. TRANSFER PAINTERS-From 997/1998, 1999, 2000, 2001 it 2022 YES 2022. it 2023. caught it 2024 it 2025.

Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate on the basis of race, color, religion, sex or national origin. In 1980, the Equal Employment Opportunities Commission issued federal guidelines declaring sexual harassment an unlawful employment practice. *(handwritten:)* MISCONDUCT. CAUGHT NO. REPORT.

In addition to the law, respect for each other is essential for us to effectively operate the Chicago Airport System. The Department of Aviation is committed to insuring the right of all employees to work in an environment free from racial insensitivity and sexual harassment. *(handwritten:)* NO REPORT→ Misconducts

We need to work together as a professional team to eliminate all racial insensitivity, sexual harassment and discrimination. It is necessary to remind all of our employees that we have zero tolerance for racism, sexual misconduct, and discrimination of any type. Any such acts will be thoroughly investigated and disciplinary action will be taken against the offenders.

*(handwritten:)* 1997 Call-Told I see CONDUCTUPON in 1997. What happen-The painter out-side get JoB. Leading Hidden caught 1999-2000-2001-2004. Treated-differently. Race-Black. Left Behind

Improper conduct should be reported to our Personnel Section. Please call Tim McCarthy at 686-3782, or Dennis Morrissey at 686-3434, to report any incidents. *(handwritten:)* NONE OF Ring-Leader-Bias.

Mayor Richard M. Daley's statement on racism is attached. It speaks for itself. *(handwritten:)* For telling the Truth. Truth. Report. it 2022

*(handwritten:)* -51-Painter Hidden AC/DJM/jd Trick-The Board of Ethics-in 1999-2000-2001-2004. MisLeading. Them The Board Rules ORdinance-Ethics. And The TRUTH Finding 2024 The Allegations-Violations



EX-hibit YES! it 2019 Board of Ethics - Case - 17042-C.
NO, Report - YES!

Send From Board of Ethics
errd. To OIG Inspector General
cago office - Case - 17042-C. YES!
Yes tigate ANY matters. YES!

it 2025.
Truth.

DUE PROCESS rights.
AN.- adversarial Nature,
it quitam-provisions.

## ATTENTION
## CITY OF CHICAGO
## JOB APPLICANTS

The City of Chicago, Department of Human Resources has purged all employment application that were received BEFORE January 1, 2006. Please note that if you applied for a position of employment with the City of Chicago before January 1, 2006 your application is no longer valid. If you would like to be considered an active applicant, you will need to re-apply for open positions on-line at www.cityofchicago.org, or in person in Room 100 of City Hall or at any Chicago Workforce Center. Addresses for Chicago Workforce Centers can be obtained by calling "311."

it 2023. it 2024 it 2025.

This is what they miss.

The City of Chicago is an equal opportunity employer.

YES!?

Thank you For ALL-Races of Chicago people a-collective
the Body of enFranchised-citizens of a state-chicago Illi
Other-Races - counterfeiter - allowed To keep Painter Job-200
Why. deception - Appl. Human Relation Fact Finding Ninja - 2006-2009



**RECEIVED**

FEB 2 7 2008

CITY OF CHICAGO
COMM. ON HUMAN RELATIONS

July 24, 2007

/ of Chicago
hard M. Daley, Mayor

a t of Human Resources

jueline P. King
missioner

/ Hall, Room 1100
North LaSalle Street
cago, Illinois 60602-1209
2) 744-4966 (Voice)
2) 744-1521 (FAX)
2) 744-2563 (TTY)

p://www.cityofchicago.org

ministration
ployment Services
ormation Services
y Hall, Room 1100–1102
2) 744-4962 (Voice)
2) 744-4976 (Voice)
-4954 (Voice)
2 4-1521 (FAX)

pl e Assistance Program
0399 (Voice)
-8970 (FAX)

f Compliance
Relations
ual Harassment
orkforce Compliance
Paul Center, Suite 330
3 South State Street
icago, Illinois 60604-3973
12) 747-8960 (Voice)
12) 747-8975 (Voice)
12) 747-8988 (Voice)
12) 747-8981 (Voice)
12) 747-8971 (FAX)

ategic Services
Paul Center, Suite 520
3 South State Street
icago, Illinois 60604-3975
12) 747-7277 (Voice)
12) 747-0405 (FAX)
12) 747-8972 (Voice)
12) 747-8971 (FAX)

Mr. Zachary A. McGraw, Jr.
712 N. Trumbull
Chicago, IL 60624

Dear Mr. McGraw:

On behalf of the Department of Human Resources, I am responding to
your Freedom of Information Act (FOIA) received June 19, 2007 for the
following records:

1) Number of painters hired 1997 – 2007

1997 – 10
1998 – 10
1999 – 20
2000 – 8
2001 – 9
2004 – 2
2006 – 18
2007 – 2
Total – 79

2) Names of painters hired
See enclosed list

3) Number of those hired that have minimum qualifications for painter
statement of eligibility, completion of an approved apprentice training
program in painting with journeyman status.

At the outset, I note that FOIA requires the City to produce documents,
not to provide answers to questions. See 5 ILCS 140/3(a) ("Each public
body shall make available all public records, except as otherwise
provided in section 7 of this Act.") Your request is not a FOIA request for
documents, but rather a request that the City provide answers to
questions, thereby making the provisions of the FOIA statute inapplicable.
The City does not believe that your purported FOIA request is in proper
form.

Though we are under no obligation to do so, we are attaching a copy of
the examination announcement, which sets forth minimum qualifications
of "successful completion of a US Department of Labor registered
painting apprenticeship training program and journeyman status, or an
equivalent combination of training and experience."

NEIGHBORHOODS
Alive!
BUILDING CHICAGO TOGETHER

CHICAGO WORKS TOGETHER

A-60.

## PAINTERS HIRED 1997 - 2007

### 1997

| NAME | HIRE DATE |
|---|---|
| BLANEY, JOHN | 7/24/1997 |
| DUDA, JOHN S | 2/3/1997 |
| EGAN, RICHARD B | 7/1/1997 |
| MCDANIEL, RICHARD K | 7/1/1997 |
| MISIURO, JANUSZ C | 7/24/1997 |
| MORELAND, MARY | 7/1/1997 |
| MUSTARI, PAUL F | 2/3/1997 |
| NOLAN, MATTHEW D | 5/27/1997 |
| VENTURINI, STEVE R | 7/1/1997 |
| ZOLDOWSKI, STEVE T | 8/1/1997 |

TOTAL: 10

*I was the most qualified*

*rigged 1997 cheating hired twice not qualified rigged in interview plus interview with venturini and EGAN hired*

### 1998

| NAME | HIRE DATE |
|---|---|
| CROSSE, JOSEPHINE T | 12/16/1998 |
| GAJEWSKI, JOHN | 7/29/1998 |
| JEFFERSON, CLARENCE | 7/29/1998 |
| KRAWIEC, LEONARD R | 12/16/1998 |
| LINK, TERRENCE C | 7/29/1998 |
| MONSEN, JOHN M | 8/1/1998 |
| NELSON, DESMOND M | 7/29/1998 |
| RAHLFS, THOMAS J | 7/29/1998 |
| STEELE, BARBARA E | 12/16/1998 |
| TRAVERS, PATRICK F | 9/16/1998 |

TOTAL: 10

*rigged 1998 CROSSE KRAWIEC STEELE not qualified*

*I was the most qualified*

### 1999

| NAME | HIRE DATE |
|---|---|
| BOONE, JOSEPH K | 5/3/1999 |
| D ACQUISTO, LOUIS R | 7/2/1999 |
| DELOACH, GLENN V | 8/2/1999 |
| HENDLER, DAVID | 9/1/1999 |
| HOLDEN, ROOSEVELT | 7/2/1999 |
| HOLLIS, RONALD | 8/2/1999 |
| JACKSON, THEODORE R | 8/2/1999 |
| JOHNSON JR, HAROLD | 8/9/1999 |
| JONES, JEANETTE | 7/2/1999 |
| LANDINI, ARTHUR P | 7/16/1999 |
| MAALIKULMULK, ZAID A | 8/23/1999 |
| MAJKA, STEPHEN P | 5/3/1999 |
| MATHES, MICHAEL W | 10/28/1999 |
| MELENDEZ, JOHN S | 8/2/1999 |
| MONTGOMERY, ETHEL P | 10/6/1999 |
| PIATEK, JOSEPH | 7/2/1999 |
| RAMIREZ, LUIS | 8/2/1999 |
| SHERROD, GARY J | 9/1/1999 |
| VAJKO, SUSAN M | 10/6/1999 |
| VILLEGAS, JOSAFAT | 5/3/1999 |

*hired to cover up the case allegations AFRICAN-AMER and I'm was still work for the city of chica The most qualified*

*rigged not qualified*

*These candiate were put on Eligibile List as qualified 34*

*I was the most qualified*



| NAME | HIRE DATE |
|---|---|
| | TOTAL: 20 |

| NAME | HIRE DATE |
|---|---|
| BIBBIANO, MICHELE | 6/16/2000 |
| DELOACH JR, JAMES | 9/16/2000 |
| HENSEL, NICHOLAS J | 8/1/2000 |
| LADING, RUDOLPH | 8/1/2000 |
| MOORE, DERRICK J | 8/1/2000 |
| MUSTARI, PAUL A | 8/1/2000 |
| SMITH, JOSEPH F | 8/1/2000 |
| WITEK, KENNETH J | 9/18/2000 |
| | TOTAL: 8 |

| NAME | HIRE DATE |
|---|---|
| BOCCIA, JOSEPH | 4/3/2001 |
| HICKSTEIN, ROY C | 8/16/2001 |
| KIECA, WAYNE R | 8/16/2001 |
| PLOTKE JR, WILLIAM | 4/2/2001 |
| POLANCO, OSCAR A | 7/1/2001 |
| SAA, JOSE J | 5/1/2001 |
| TOMPKINS, SCOTT L | 5/16/2001 |
| VALDEZ, DENISE I | 6/16/2001 |
| VASQUEZ, FRANK S | 4/2/2001 |
| | TOTAL: 9 |

| NAME | HIRE DATE |
|---|---|
| BAKER, CHARLES E | 8/1/2004 |
| MCDANIEL, RICHARD K | 8/1/2004 |
| | TOTAL: 2 |

*cheating*
*hiRE Twice -719*
*What New CORRUPTi*
*Not qualified*
*rigged*
*Put Back as pait*
*RehiRE*
*8-1-2004*

| NAME | HIRE DATE |
|---|---|
| ADROW, GREGORY L | 10/2/2006 |
| BELLAMY, ANTIONE | 7/5/2006 |
| BREWER, EDWARD E | 7/5/2006 |
| BULLARD, HAMMEL T | 7/5/2006 |
| CASTANEDA, ROMAN J | 7/5/2006 |
| DACE, TIMOTHY G | 12/15/2006 |
| DAWSON, KATRINA D | 7/5/2006 |
| DELOACH, CRAIG E | 7/5/2006 |
| DIAZ, JOSE L | 7/5/2006 |
| FEDELE, DAVID | 7/5/2006 |
| HAMPTON, BENJAMIN | 7/5/2006 |
| INGRAM, LAVELL D | 7/5/2006 |
| JUAREZ, JOSE L | 7/5/2006 |
| MUHAMMAD, EVA | 7/5/2006 |
| NASH, JACKIE E | 7/5/2006 |



*cheating*

**2006**

| NAME | HIRE DATE |
|---|---|
| STEPHENS, ANDRE L | 8/7/2006 ✓ |
| VALDEZ, DENISE I | 7/5/2006 |
| VALDEZ, RODNEY R | 7/5/2006 |
| | TOTAL: 18 |

**2007**

*New case*
*Less qualified*
*again*

| NAME | HIRE DATE |
|---|---|
| MALTESE, DEAN | 6/16/2007 |
| WOOD JR, JEARL L | 7/16/2007 |
| | TOTAL: 2 |
| | TOTAL: 79 |

AND painteR (Joseph usTasiewski promoTed)
in 1994.0R 1991 From ground TransitpectioN
oF AViatioN To painter without an approved
apprentice TraininG program in paintinG with
JourneymaN status, not qualified
put on ELIGIBLE hist as qualified riggec



### DEPARTMENT OF HUMAN RESOURCES
### CITY OF CHICAGO

*Hidden Truth*
*it 2022, ALL The Time*
*it 2023*

January 9, 2012

Mr. Zachary A. McGraw Jr.
712 N. Trumbull
Chicago, IL 60624

Dear Mr. McGraw Jr.:

On behalf of the Department of Human Resources, I am responding to your Freedom of Information Act ("FOIA") request received on January 4, 2012 wherein you request:

- List name of records of full time painter and seasonal painter of years 2007- to 2011 hired

Enclosed please find the information you requested.

Sincerely,

Carolyn Mulaney
Public Relations Representative
City of Chicago Department of Human Resources

Case: 1:13-cv-02289 Document #: 1 Filed: 03/27/13 Page 34 of 65 PageID #:34

*[handwritten notes: "IT 2018 OKAY YES!", "THE BOARD OF ETHICS - case - 17042-e", "Less qualified & transferred April - June in 2008", "A-bf.", "IT 2022."]*

*[handwritten left margin: "Please L. OKAY Yes! It 18 out 18"]*

| HIRE DATE | TITLE | | DEPT | NAME |
|-----------|-------|--|------|------|
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | ADROW, GREGORY L |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | BELLAMY, ANTIONE |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | BREWER, EDWARD E |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | BULLARD, HAMMEL T |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | DAWSON, KATRINA D |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | DELOACH, CRAIG E |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | DIAZ, JOSE L |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | FEDELE, DAVID |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | HAMPTON, BENJAMIN |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | INGRAM, LAVELL D |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | MUHAMMAD, EVA |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | STEPHENS, ANDRE L |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | VALDEZ, DENISE I |
| 04/01/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | VALDEZ, RODNEY R |
| 06/16/2007 | 4634-PAINTER | Full Time | AVIATION | MALTESE, DEAN |
| 06/16/2007 | 4634-PAINTER | Full Time | AVIATION | STEPHENS, ANDRE L |
| 07/16/2007 | 4634-PAINTER | Seasonal | TRANSPORTN | WOOD JR, JEARL L |
| 04/01/2008 | 4634-PAINTER | Full Time | AVIATION | DUDA, JOHN S |
| 04/16/2008 | 4634-PAINTER | Seasonal | TRANSPORTN | ADROW, GREGORY L |
| 04/16/2008 | 4634-PAINTER | Seasonal | TRANSPORTN | BELLAMY, ANTIONE |
| 04/16/2008 | 4634-PAINTER | Seasonal | TRANSPORTN | BULLARD, HAMMEL T |
| 04/16/2008 | 4634-PAINTER | Seasonal | TRANSPORTN | DAWSON, KATRINA D |
| 04/16/2008 | 4634-PAINTER | Seasonal | TRANSPORTN | DELOACH, CRAIG E |
| 04/16/2008 | 4634-PAINTER | Seasonal | TRANSPORTN | HAMPTON, BENJAMIN |
| 04/16/2008 | 4634-PAINTER | Seasonal | TRANSPORTN | INGRAM, LAVELL D |
| 04/16/2008 | 4634-PAINTER | Seasonal | TRANSPORTN | WOOD, JR, JEARL L |
| 01/01/2009 | 4634-PAINTER | Full Time | GENERAL SERVIC | VASQUEZ, FRANK S |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | ADROW, GREGORY L |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | BELLAMY, ANTIONE |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | BREWER, EDWARD E |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | BULLARD, HAMMEL T |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | DACE, TIMOTHY G |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | DAWSON, KATRINA D |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | DIAZ, JOSE L |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | FEDELE, DAVID |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | INGRAM, LAVELL D |
| 08/07/2009 | 4634-PAINTER | Seasonal | TRANSPORTN | VALDEZ, DENISE I |
| 05/03/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | ADROW, GREGORY L |
| 05/03/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | BELLAMY, ANTIONE |
| 05/03/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | BULLARD, HAMMEL T |
| 05/03/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | DACE, TIMOTHY G |
| 05/03/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | DAWSON, KATRINA D |
| 05/03/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | DIAZ, JOSE L |
| 05/03/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | INGRAM, LAVELL D |
| 10/18/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | LEWIS, RENARD |
| 10/18/2010 | 4634-PAINTER | Seasonal | TRANSPORTN | SOLORZANO, LOUIS E |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | ADROW, GREGORY L |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | BELLAMY, ANTIONE |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | BULLARD, HAMMEL T |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | DACE, TIMOTHY G |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | DAWSON, KATRINA D |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | DIAZ, JOSE L |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | FEDELE, DAVID |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | INGRAM, LAVELL D |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | LEWIS, RENARD |
| 05/02/2011 | 4634-PAINTER | Seasonal | TRANSPORTN | SOLORZANO, LOUIS E |

*[handwritten right margin numbers and checkmarks: "17 - candiate", "10 candidate"]*

*[handwritten bottom notes: "NO people were hired and re-hired as painters in 5-2-11. Less qualified & no qualifications. 1-5 times - Number of times they were hired along side..."]*

YES! it 2019 Board of Ethics -case- 17042-c YES!
d'To Refferred To OIG Inspecter Generah To Inlestigates Any
MAtter yes!
it 2025. Caught, Cheating.

A-"61"
Ex-hit-it

**DEPARTMENT OF HUMAN RESOURCES** misheating.

**CITY OF CHICAGO**

2012 due process rights.
Caught AN-adversariah-Nature.

July 19, 2012

FROM it qui tam-PROVisions.
1999-2001-9-11. Finding Hearing Evidence
Caught 2012 Hidden↑

Mr. Zachary A. McGraw
3158 W. Roosevelt Rd.
Apt. 610
Chicago, IL 60612

Dear Mr. McGraw:

On behalf of the Department of Human Resources, I am responding to your Freedom of Information Act ("FOIA") request received on July 13, 2012 wherein you request:

• painter list 2012 hire & rehire

Enclosed please find the information you requested.

Sincerely,

Carolyn Mulaney

Carolyn Mulaney
Public Relations Representative
City of Chicago Department of Human Resources

PLaintiFF.
ADA-Disabil-Zacharyamcgraw
PhoNe-312-513-3865.

Cheating okay! 2018 HOLLAR! YES! Fraud + Perjury!
all white candidates !?

Board of Ethics - Case. 170426 YES!

| HIRE DATE | TITLE | FT/Seasonal | DEPT | NAME |
|-----------|-------|-------------|------|------|
| 1/1/2012 | PAINTER | FullTime | AVIATION | BOONE, JOSEPH K |
| 1/1/2012 | PAINTER | FullTime | AVIATION | MAALIKULMULK, ZAID A |
| 1/1/2012 | PAINTER | FullTime | AVIATION | VAJKO, SUSAN M |
| 1/1/2012 | PAINTER | FullTime | GENERAL SERVICES | VILLEGAS, JOSAFAT |
| 1/1/2012 | PAINTER | FullTime | WATER MGMNT | MATHES, MICHAEL W |
| 4/1/2012 | PAINTER | FullTime | AVIATION | MAJKA, STEPHEN P |
| 4/9/2012 | PAINTER | FullTime | TRANSPORTN | BOCCIA, JOSEPH |
| 4/9/2012 | PAINTER | FullTime | TRANSPORTN | HENSEL, NICHOLAS J |
| 4/9/2012 | PAINTER | FullTime | TRANSPORTN | STEPHENS, ANDRE L |
| 4/9/2012 | PAINTER | FullTime | TRANSPORTN | TOMPKINS, SCOTT L |
| 4/9/2012 | PAINTER | Seasonal | TRANSPORTN | BELLAMY, ANTIONE |
| 4/9/2012 | PAINTER | Seasonal | TRANSPORTN | BULLARD, HAMMEL T |
| 4/9/2012 | PAINTER | Seasonal | TRANSPORTN | DACE, TIMOTHY G |
| 4/9/2012 | PAINTER | Seasonal | TRANSPORTN | DAWSON, KATRINA D |
| 4/9/2012 | PAINTER | Seasonal | TRANSPORTN | FEDELE, DAVID |
| 4/9/2012 | PAINTER | Seasonal | TRANSPORTN | HAMPTON, BENJAMIN |
| 4/9/2012 | PAINTER | Seasonal | TRANSPORTN | INGRAM, LAVELL D |

1999 2000-2001-2002.-2006-2012
2012-2013-2014-2015-2016-201

Let see The Truth To Tell The Truth YES! Thank you Lord God Very mush As 'is all This Time HOLLAR! YES

Second-change

The choice was clear! MF

Ongoing 2018!

COME MAN!

A-5c A-5c

due process rights.

An-adversarial-Nature.

it quitam-provisions.
O.I.G Office 2 Report
covon conduct.
misconduct.
Trick, Ete Risis

It 2018 Okay!

It 2018 Okay! knowing Knew Truth 2018

ADMINISTRATION NO COMMISSION covon HOLLAR COMMISSIONS

it 7/2015 2018 OKAY! it 7/2015 Okay! YES!
Re-ttered to OIG a
NVector General To
investigates ANY
matter YES!

Nevergota change!
2013-2014-
2015-2016 2017

HIRD 1995 Before
I ZacharyMcGraw JR HOLLA
allege discrimination in...

YES! 249 the Board of Ethics -case -170/12. C
A = 66. To Referred To O.I.G Inspector General - To Investigate
Exhib in any matter YES!
Hit 2025. it 2020! 14. 2025.

PRIMA FACTS SHOWING CIVIL RIGHTS ACTIONS,
~TION TO DISMISS FOR FAILURE TO STATE CLAIM IN
PARTICULAR ACTION

2012 Race discrimination plaintiff need not set forth elements of a prime facie case at the initial pleading stage, but rather because racial discrimination in employment is a claim upon which relief can be granted, I was turned down for a job because of my race is all a complaint has to say to survive a motion to dismiss for failure to state a claim. Sparrow V. United Air Lines, Inc. CAD, 2000.216 F.3d 1111, 342 U. SAPP D.C. 268, Civil Right 1532. -AN-adversarial-Nature.

2012 Plaintiffs in federal civil rights cases are not required to plead prima facie case at motion to dismiss stage. Peterson V. State of California Dept. of Correction and Rehabilitation E.D. Cal. 2006, 451 F.Supp. 2d 1092 civil rights 1394

2012 Credentials I'm not a prisoner in my mind no more because I the best painter 2012 over 17 candidates for painter transfer painter of 1999 and seasonal painter of 2005 and after the settlement of ex-mayor Daly 2006 - 2007 - 2009 - Re-apply for job of employment affirmative equal opportunity employment action rule.

2012 To survive a motion to dismiss it is not necessary for a 1981 plaintiff to plead all elements of his facie case in the complaint, or to plead law or match facts to every elements of a legal theory. Tnai6 v. Document Technologies, LLC, D.D.C. 2006, 450. Supp. 2d 87. Civil Rights 1394

2012 Race discrimination on plaintiff is not required to plead prima facie case of discrimination in complaint, nor specifically to point to similarly situated individuals given preferential treatment in order to survive a motion to dismiss Park V. Hyatt Corp. D.D. 2006 436 F. Supp. 2d 60. Civil Rights 1394

2012 Section Fraudulent Concealment? Duress 12.45 _____
dUE PRocess Rights,

Many states recognize doctrine of estoppels by fraudulent concealment, which provides of limitations defense if their own misconduct prevented the plaintiff from filing suit in a timely manner
it quitam - PRoVISIONS.

1. The doctrine of equitable estoppel tolls the statute of limitations when the defendant conceals the existence of a cause of action.

2. The doctrine of fraudulent concealment may also be applied when a defendant hinders the plaintiff's ability file an action against the proper party by concealing the identity of the other defendants.

3. However mere nondisclosure of facts on evidence that would support the plaintiff's claim does not toll the statue of limitations.



CONFIDENTIAL

August 23, 2017

Zachary A. McGraw, Jr.
3158 W. Roosevelt Rd., Apt. 610
Chicago, IL 60612

RE: BOE Case No. 17042.C

Dear Mr. McGraw:

On August 22, 2017, the Chicago Board of Ethics received your letter and documentation in which, among other things, you allege discrimination in hiring by the City of Chicago. The Chicago Board of Ethics does not have the jurisdiction or authority to investigate any matters referred to it and we typically forward complaints our office receives to the Chicago Inspector General's Office ("OIG") for any action as they deem appropriate.

However, from your cover letter, it appears that you may have already sent your complaint to the OIG, therefore, there is nothing further that this office can do. If that is incorrect, and you have not also sent your complaint and materials to the OIG, please let us know and we will do so. You can either send us another letter or call us at (312) 744-9660. Otherwise, we wish you the best with your case.

Sincerely,

Ana Collazo
Attorney

COMPLETE THIS SECTION

Complete items 1, 2, and 3.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

740. N. Sedgwick
Chicago, IL 60654

9590 9402 2558 6306 2191 40

2. Article Number



BOARD OF ETHICS
CITY OF CHICAGO

CONFIDENTIAL

March 5, 2019

Zachary A. McGraw, Jr.
3158 W. Roosevelt Rd., Apt. 610
Chicago, IL 60612

Dear Mr. McGraw:

The Chicago Board of Ethics acknowledges receipt of the additional documentation you forwarded to our office. However, as we advised you in our previous correspondence dated August 23, 2017, the Chicago Board of Ethics does not have the jurisdiction or authority to investigate. Since you have already forwarded your complaint to the Office of Inspector General, there is nothing further that we can do.

Sincerely,

Ana Collazo
Attorney

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

## WHISTLEBLOWER PROTECTION

Persons who experience retaliatory action because they reported violations of the Ordinance or provided information in an investigation can recover damages, be reinstated with double back pay, or have regulatory or financial denials reconsidered, as appropriate.

## ADVISORY OPINIONS

Persons subject to the Ordinance (and *only* those persons) may request advisory opinions. Board opinions are confidential, and may be relied upon in future investigations. All formal written opinions are posted on the Board's website with a searchable index of keywords and case summaries, but all identifying information has been removed as required by law.

The Board can render opinions only as to future conduct. Persons who disclose past violations that the Board finds are not minor are referred to the Inspector General.

## BOARD MEMBERS AND STAFF

The Ordinance provides for seven Board members, appointed for staggered four-year terms by the Mayor and confirmed by City Council. They are uncompensated and may be removed by the Mayor, but only for cause, with written consent of remaining Board members. Members may not hold any elected or other appointed public or political office, engage in any political or campaign activity, or have a financial interest in any work or business of the City or certain other governmental agencies in Cook County.

Board members render or approve formal opinions. Board staff carries out all Board functions. The staff of 8 is headed by the Executive Director, who is also appointed by the Mayor and confirmed by the City Council. Our 2017 budget is $825,807.

## ASPIRATIONAL CODE OF CONDUCT

Employees and officials sign a pledge requiring them, among other things, to disclose waste, fraud, abuse and corruption to the appropriate authorities; give a full day's work for a full day's pay; and act impartially in performing their duties so that no private organization or individual is given preferential treatment.

## BINDING CODE OF CONDUCT

The Ordinance aims to prevent and correct conflicts of interest in City government. Its complete text is on our website. It covers, among others things:

Conflicts of Interest
Gift/Travel Limitations
Use of City-Owned Property
Representation of Third Parties
Post-Employment Restrictions
Contracting with the City
Nepotism
Political Contributions and Activity



# A GUIDE TO ETHICS FOR CITY EMPLOYEES AND ELECTED OFFICIALS

CITY OF CHICAGO · INCORPORATED 4th MARCH 1837

## BOARD OF ETHICS

RAHM EMANUEL, MAYOR

WILLIAM F. CONLON, CHAIR

The City's Governmental Ethics Ordinance covers the conduct of all City employees and officials. It addresses conflicts of interest, working outside jobs, accepting gifts, business travel, employing relatives, political activity, and other topics. It restricts what you can do in and after your City service.

In recent years, Mayor Emanuel introduced important changes to the ethics law, and the City Council adopted them. It is important to understand the restrictions generally, so that you can spot "ethics issues" and obtain advice where appropriate.

This guide outlines the key restrictions. It is not intended to be all-inclusive, provides summary information only, and is not a substitute for a Board advisory opinion.

If you have questions about whether an action you are considering complies with the City's ethics laws and standards, please request a confidential advisory opinion from the Board of Ethics. The Board is an important resource for you. Please use it.

## ADVISORY OPINIONS

Any City employee or official or other person subject to the Ordinance may request a confidential Board advisory opinion. The Board can render binding opinions only as to future

conduct. If someone discloses a *past* violation that the Board concludes is not minor, the person may self-report it to the City's Inspector General, or the Board shall.

## ASPIRATIONAL CODE OF CONDUCT

As a City employee or official, you are subject to an aspirational code of conduct. It requires, among other things, that you: disclose waste, fraud, abuse, and corruption to the appropriate authorities; give a full day's work for a full day's pay; and act impartially in performing your duties so that no private organization or individual is given preferential treatment.

## FIDUCIARY DUTY

☞ You **owe a fiduciary duty** to the City at all times in the performance of your public duties.

## USE OF CITY PROPERTY

☞ You **may not** use or permit the use of City-owned property for any unauthorized purpose, including prohibited political activity.

## GIFTS

You or your spouse/domestic partner or any family members living with you **may not solicit or accept**:

☞ any gift, item or service given **anonymously**;

☞ any gift, item or service (even lunch) if it is understood that the purpose is **to influence your official actions or decisions**;

☞ any cash or gift cards in any amount;

☞ any other non-cash, non-gift card gift or combination of gifts **worth more than $50 from a single source in a calendar year**;

☞ any gift from another City employee or official over whom you are an official superior (there are exceptions, such as items worth less than $10, and gifts given for infrequent life occasions, like weddings);

☞ **anything of value in return for your advice or assistance on matters concerning City business**, unless that advice or assistance is wholly unrelated to your City responsibilities.

There are some **exceptions**:

▷ anything for which you pay fair market value;

Unless you're a candidate for elected office, you **cannot knowingly solicit or accept a political contribution from any person or firm doing business with the City.**

☞ **You cannot require other City employees or officials to perform political activity** as part of their job duties or during their time off, or compel or coerce them to make, not make or solicit political contributions.

## CONFLICTS OF INTEREST/ IMPROPER INFLUENCE

**You may not make, participate in, or try to use your position to influence any City governmental decision** or action on any matter from which you have derived any income or compensation in the previous year, or expect to derive any income or compensation in the next year, or have an ownership interest that is **worth $1,000 or more,** or have any kind of financial interest distinguishable from that of the general public.

## STRICTER DEPARTMENTAL RULES ALLOWED

**The Ordinance is a floor, not a ceiling.** Any department or aldermanic office may adopt stricter rules. This is especially true with respect to gifts—some departments have imposed a gift ban—and outside employment. Always check with your department first.

## MANDATORY ETHICS TRAINING

Lobbyists, full-time employees, aldermen, City Council "contract employees" and appointed officials must complete an annual ethics training program designed by the Board. Aldermen, City Council employees and all Senior Executive City employees must also attend face-to-face ethics training every four years. Persons who do not complete required training are subject to a $250 fine, and their violations will be made public.

## STATEMENTS OF FINANCIAL INTERESTS

Elected officials, certain appointed officials, and City employees with managerial responsibilities must file a Statement of Financial Interests annually with the Board of Ethics. Filings can be done on-line. All filed Statements are open for public inspection under the Freedom of Information Act. The Board keeps them on file for seven years after filing. Statements filed in 2009 and after are available on the City's website. Persons who fail to file their Statements

as required are subject to a $250 fine. Their violations will be made public.

## COMPLAINTS AND INVESTIGATIONS

The Board accepts and refers for investigation complaints alleging ethics ordinance violations by City employees, officials or others subject to the law. After an ethics investigation is completed by the City's Inspector General, the Board may dismiss the matter, or conclude there is probable cause to believe the law was violated, and then settle the matter, or hold an evidentiary hearing to determine whether the Ordinance was actually violated. Complaints, investigations, determinations and recommendations are confidential until a final determination or settlement agreement is reached.

## PENALTIES FOR VIOLATIONS

The Board has the sole authority to determine whether violations of the Ordinance have occurred, and can impose or recommend penalties, including employment sanctions, removal from office, censure, fines or invalidation of contracts. Summaries of concluded cases can be made public, according to the law.

**FOR MORE INFORMATION**
Please visit our website:
**www/cityofchicago.org/Ethics**

*For confidential advice or guidance, contact:*

***Chicago Board of Ethics***
*740 North Sedgwick, Suite 500*
*Chicago, Illinois 60654*
***William F. Conlon, Chair***

***Steven I. Berlin, Executive Director***
*sberlin@cityofchicago.org*
*twitter: @EthicsSteve*

*TEL: (312) 744-9660*
*TTY: (312) 744-5996*
*FAX: (312) 744-2793*

12/16

A-22.

The Board of Ethics. FEPA-Review. Most Qualified.

case 17042-c

It 2023.    It 2022.

A-8. B.    It 2023.    It 2025.

# CITY OF CHICAGO
# BOARD OF ETHICS

Due Process Rights

- adversarial-Nature.
- quitam-provisions.

A GUIDE FOR THE
PUBLIC-YES.

YES. LOOK →

## City of Chicago
Rahm Emanuel, Mayor
William F. Conlon, Chair
Steven I. Berlin, Executive Director

// AGENDA// MISSION

The Board of Ethics, established in 1987, administers, interprets and enforces the Governmental Ethics Ordinance (Chapter 2-156 of the Municipal Code). The Ordinance establishes conflict of interest standards for City employees, officials, lobbyists, contractors, candidates for elected City office, campaign contributors, and others who interact with City governmental personnel.

Board has four major work areas:

1) **advising:** rendering confidential ethics advice to City governmental personnel and others subject to the Ordinance to help them comply with the letter and spirit of the law and avoid even the appearance

of impropriety;

(2) **educating:** conducting ethics training, as the Ordinance requires City personnel to complete regular ethics training;

(3) **enforcing:** administering meetings and "trials" and determining whether the Ordinance has been violated and settling cases or imposing sanctions; and

(4) **regulating:** lobbyists and City employees and officials must file various ethics disclosures with the Board. These are viewable on the Board's website.

For more information, or to read the Governmental Ethics Ordinance and Board's Rules, visit www.cityofchicago.org/ethics

YES!

Respondent compressed the evidence.

## INVESTIGATIONS AND ENFORCEMENT

The Board refers for investigation all complaints alleging Ethics Ordinance violations by City employees or officials or others. After an ethics investigation is completed by the City's Inspector General, the Board may: (i) dismiss the matter; or (ii) conclude that there is reasonable cause to believe the law was violated and then either settle the matter or administer an evidentiary hearing to determine whether the Ordinance was actually violated. All ethics complaints, investigations, and investigator's recommendations are confidential. However, the Board makes public all its settlement agreements and final determinations of violations.

**NOTE:** the Governmental Ethics Ordinance is not a criminal law. Potential criminal conduct is referred to federal or state prosecutors, as appropriate.

YES. thank you

It 2018 OKAY.

YES.

It 2018 OKAY!

It 2018 OKAY! Hope for Best.

YES!

YES.

2012 hiring List for

## REVERSE REVOLVING DOOR RESTRICTION

**For two years** after starting your City service, you may not participate in a decision-making capacity in any matter that benefits your immediate pre-City employer or client whom you represented or to whom you consulted or on whose behalf you lobbied.

## LOANS FROM LOBBYISTS AND CITY CONTRACTORS

☞ You, your spouse/domestic partner, or any entity in which either of you have an ownership interest worth more than $1,000, **may not apply for, solicit, accept, or receive loans from a person doing or seeking to do business with the City**, or any lobbyist, except for ordinary market rate loans negotiated at arm's length and made by financial lenders.

## CONTRACTING WITH THE CITY

You may **not have a financial interest** (meaning an ownership interest that is worth more than $1000) in:

▶ your own name, or in the name of any other person (such as a company or firm in which you have an ownership interest) **in any City contract, work, sale or business** (except for participation in certain designated housing assistance programs)

▶ the purchase of City property, unless it is sold through a process of competitive bidding following public notice.

## DUAL EMPLOYMENT

☞ City Personnel Rule XX provides that a City employee **may not engage in a profession, business, trade, investment, occupation or other activity that results in a conflict of interest** with City employment.

☞ It also requires a City employee **to obtain written permission from his/her Department head** to engage in dual employment/outside business activities.

## DUTY TO REPORT CORRUPT OR UNLAWFUL ACTIVITY/WHISTLEBLOWER PROTECTION

City employees, officials and contractors must report conduct that they know or should know involves corrupt or other unlawful activity concerning the City to the Inspector General.

The Ordinance provides explicit protection for those who report such violations in the "whistleblower protection" provisions.

## RELATIVES AND DOMESTIC PARTNERS

☞ You may not hire or advocate for the hiring of your relatives/domestic partner in any City agency in which you serve or exercises authority (except for personal staff of an alderman hired as City employees)

☞ You **may not exercise supervisory authority over a relative or domestic partner** (except for personal staff of an alderman hired as City employees).

☞ You can't use your City position to help your relative or domestic partner acquire a position with anyone whose City work you oversee.

☞ You may not exercise contract management authority over City work done by any person or firm that employs or contracts with your relative/domestic partner.



## POLITICAL ACTIVITY

☞ You **cannot perform political activity during any City compensated time** (when you're at your City job, or time for which you're credited for minimum City work time requirements).

☞ You **cannot _ever_ use (or be on) City property or resources while performing any prohibited political activity**, even on your vacation, furlough, or lunch.

☞ You **cannot solicit, accept or make a political contribution while on City property** or during compensated time.

☞ If you exercise contract management authority in your City job, **then you cannot serve on a political fundraising committee** But you can still be politically active as long as you follow the other rules described.

The board and the inspector general shall coordinate and conduct a joint annual public hearing before the city council to review major activities, including trainings, investigations, settlements, and opinions; to describe resource usage; to address trends in ethics issues; to suggest ethics compliance strategies; and to assess challenges and recommend areas of improvement regarding the city's ethics institutions and investigation and adjudication processes. *it 2025.* ~July 1, 2013 - 3-16-16 march. ←YES

## SECTION 2. Transferring Ongoing Campaign Finance Investigations.

The Board of Ethics is hereby authorized to transfer unconcluded campaign finance filing investigations that it commenced before July 1, 2013 to the city's Inspector General or Legislative Inspector General, as appropriate. For unconcluded campaign finance filing investigations that the board of ethics commenced before July 1, 2013, the two-year investigation time period referenced in subsections 2-55-080(i) and 2-56-050(b)(3) of the Municipal Code of Chicago shall start on the effective date of this ordinance. (eff. 9-10-14)

*YES! due process rights Board of Ethics-case-17042-c*
*it 2025.*

## SECTION 3. Severability.

If any provision of this ordinance or application thereof to any person or circumstance is held unconstitutional or otherwise invalid, such invalidity does not affect other provisions or applications of this ordinance which can be given effect without the invalid application or provision, and to this end each such invalid provision or invalid application of this ordinance is severable, unless otherwise provided by this ordinance. It is hereby declared to be the legislative intent of the city council that this ordinance would have been adopted had any such unconstitutional or otherwise invalid provision or application not been included.

*it quitam - PROVISIONS.*

## SECTION 4. Ex post facto violations, penalties. ~ July 1, 2013 March 3-16-16 YES!

Any violation of Chapter 2-156 or Chapter 2-164 of the Municipal Code of Chicago that occurs or that has occurred before the effective date of this ordinance shall be subject to the fines in effect at the time of such violation.

*YES please yes! HOLLAR ThanK you Lord God yes! VERY mush yes, Hope For your The Best Thank you!*

*AN~adversarial~Nature.*

*it 2025 No Report. To. The Board of Ethics.*

*HAS The Final word. it 2023.*

*To TELL~conclude. Case 17042-c. The Board of Ethics. THE Special Extraordinary circumstances ~Violations.*

*it 2025.*

*Enforcement.* The contractual, fiduciary and ethical commitments in the pledge required under this section shall be solely enforced by the City of Chicago pursuant to this section by any legally available means, including judicial civil proceedings for declaratory, injunctive or monetary relief. Any former employee or appointee who is determined, after notice and hearing, by the board of ethics to have violated the pledge required under this section may be barred from lobbying any officer or employee of the relevant agency or agencies for up to 5 years in addition to the time period covered by the pledge. The corporation counsel or his or her designee is authorized: (1) upon receiving information regarding the possible breach of any commitment in a signed pledge, to request any appropriate City investigative authority to conduct such investigations as may be appropriate; and (2) upon determining that there is reasonable basis to believe that a breach of a commitment has occurred or will occur or continue, if not enjoined, to commence a civil action against the former employee or appointee. In any such civil action, the corporation counsel or his or her designee is authorized to request any and all relief authorized by law, including but not limited to: (i) such temporary restraining orders and preliminary and permanent injunctions as may be appropriate to restrain future, recurring, or continuing conduct by the former employee or appointee in breach of commitments in the pledge he or she signed; and (ii) disgorgement of all monies received in connection with any breach or attempted breach of the pledge signed by the former employee or appointee.

(e) *Disclaimer.* This section is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the City of Chicago, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

## 2-156-017. Ethics officers.

(a) Each department head and alderman shall designate an appropriate management-level employee who shall serve as the department's or aldermanic office's ethics officer. Department heads and aldermen shall provide the names and contact information of such ethics officers to the board no later than January 1, 2013, or within 30 days from swearing in as a city alderman. A department head or alderman shall designate a new ethics officer within 30 days after the current ethics officer leaves the department or aldermanic office, or otherwise ceases to serve as an ethics officer, and shall provide to the board the name and contact information of the new ethics officer.

(b) In addition to their regular job duties, ethics officers shall have the following responsibilities:

(1) collect financial statement forms, if on paper, from reporting employees and officials, review such forms for completeness, and submit such forms to the board;

(2) assist the board by forwarding notices to employees regarding timely completion of ethics filings and training, and upon request provide the board with such notices;

(3) direct ethics questions and issues to the board;

(4) assist the board in maintaining a current roster of employees and officials;

(5) provide answers to general ethics questions after consultation with the board;

13